THOMAS O'MALEY, Plaintiff in error,

*vs.*

MICHAEL M. DORN, Defendant in error.

### ERROR TO DANE CIRCUIT COURT.

The legal presumption, in the absence of evidence returned on which instructions of the court are based, is that the same were warranted by the testimony.

Error is not presumed, and where it is assigned upon a charge of the court founded upon the evidence, such evidence should be preserved by bill of exceptions : otherwise it will be presumed that the evidence was sufficient to sustain the charge.

Although the statute prescribes a general rule by which the use of highways are to be regulated, requiring the traveler to turn to the right of the traveled part of the highway, yet that will not justify him in wantonly maintaining such position, whereby a collision is produced, when a slight or easy change of position would have avoided the same.

It is the duty of persons meeting upon the highway, to use all reasonable precautions to avoid collision, and neither party is excusable for wantonness or gross negligence.

The general rule is, that in case of persons meeting upon the highway, bridge, &c., each person shall seasonably drive his vehicle to the right of the middle of the traveled part of such highway; but this act alone does not excuse a wanton injury when a change of position might avoid collision.

The only questions determined in this case are distinctly stated in the opinion of the courts.

*S. Crawford* and *Smith & Keyes,* for the plaintiff in error, cited Rev. Stat., § 1, chap. 33 ; *Earing vs. Lansing,* 7 Wend., 183 ; *Smith vs. Dygert,* 12 Barb., S. C. R., *615* ; *Commonwealth vs. Gammon,* 23 Pick., 202 ; *Clark vs. Commonwealth,* 4 id., 125.

*Abbott & Clark,* for the defendant in error, cited *Brooks vs. Hart,* 14 N. H. Rep., 307 ; *Kennard vs. Barton,* 25 Maine R., 39 ; *Earing vs. Lansing,* 7 Wend., 185.

*By the Court,* SMITH, J. This is a case in error from the circuit court of Dane county, wherein Dorn, the defendant in error, commenced an action against the plaintiff in error to recover damages resulting from a collison in the highway, and in which the plaintiff below obtained judgment.

The case was tried at the June term, A. D. 1858. None of the evidence is brought up in the record, and the only question we are called upon to consider, arises upon the following instruction asked by the defendant below, and refused to wit:

"If the jury find that the defendant, at the time of the collision complained of, had driven his wagon to the right of the middle of the traveled part of the highway, and that his wagon at the time of such collision was to the right of the middle of the traveled part of said highway, then he is not liable for the damages resulting therefrom."

Perhaps if the evidence which was given upon the trial was before us, we might perceive how a refusal to give the broad charge requested in this instruction may have misled the jury. But in the absence of all such evidence, we cannot say that such refusal was necessarily erroneous. The instruction implies that if the defendant had driven his wagon to the right of the middle of the traveled part of the highway and his wagon was to the right at the time of collision, under no possible circumstances could he have been liable for any collision. Such is not the law. There are mutual and reciprocal duties incumbent upon those who travel the highways of the country, as there are upon those passing upon navigable streams. The law enacts a general rule by which the use of such highways shall be regulated, to avoid injuries and to prescribe duties and fix liabilities. But while the statute prescribes a general rule, it does not undertake to define what may be the duties and liabilities of travelers under all possible circumstances. A man may not remain stubbornly and

doggedly upon the right of the traveled part of the highway, and wantonly produce a collision which a slight change of position would have avoided. For ought that appears in this case, such may have probably been the state of things here. The legal presumptions are that the evidence warranted the refusal of the court to grant the instruction. Error cannot be presumed. It must affirmatively appear. It is impossible for this court to say that the evidence did not show and could not have shown that the defendant below was clearly in the wrong ; that the collision was brought about by his own contrivance ; in other words, the refusal to instruct the jury may have been correct, and we are bound to presume that it was so. *Brooks vs. Hart*, 14 N. H., 307 ; 25 Maine Rep., 39 ; *Earing vs. Lansing*, 7 Wend., 185, and cases there cited.

The judgment is affirmed with costs.