## NAUMAN VS. ZOERHLAUT.

*Cross-examination: consultation between witness and attorney.—Bill rendered for services, not conclusive against claim for greater amount.*

1. A physician sued for medical services, claiming extraordinary damages on the ground that he had performed an operation "not generally known and at least unusual in the medical profession," and thus cured defendant after his case had been abandoned by other physicians. Having been examined as a witness in his own behalf, and having been asked on cross-examination to describe the treatment he used, he was permitted, against objection, to consult with his counsel as to whether he should decline to answer the question, and have the complaint amended so as to claim only ordinary compensation, or whether he should answer and thus disclose his secret. After such consultation, he answered the question. *Held,* that there was no abuse of the discretion of the court in permitting such consultation.

2. The presentation of a bill for his services some three months before the commencement of the suit, would not preclude plaintiff from recovering a larger sum than that charged in the bill, where there was evidence that the services were worth more, and no evidence that defendant agreed to pay the bill as rendered, or even acquiesced in its correctness.

3. An instruction to the jury that plaintiff was not precluded from recovering more than the amount of said bill if they *thought* his services worth more, *held* not to be liable to mislead them, where it was immediately followed by an instruction that they must base their finding as to the value of such services *upon the evidence.*

APPEAL from the Circuit Court for *Milwaukee* County.

*I. P. Walker,* for appellant.

*Smith & Salomon,* for respondent.

COLE, J. The suit was brought to recover the value of medical services rendered by the plaintiff. It is alleged in the complaint, that the plaintiff was called upon professionally to attend the defendant, who was suffering from general dropsy to such an extent that his life was despaired of; that the disease was considered incurable by the physicians who had been attending upon the defendant; and that "the plaintiff performed an operation upon the defendant which is not generally

known, and at least unusual in the medical profession, which is one of great daring and danger, warranted only in extreme cases, to save life which otherwise cannot be preserved by human experience; one on which the professional reputation of the plaintiff, and the life of the defendant, depended." The plaintiff was sworn as a witness on his own behalf, and described the treatment resorted to by him to cure the disease, and, among other things, stated that he made two large incisions in the legs to let off the water. On the cross-examination he was asked, what prescription he made, and what he did to prevent mortification. He answered that he dressed the wound, and when asked to state how he dressed it, replied that he did not wish to state it, because it was his own secret. The counsel for the defendant appealed to the court to compel the plaintiff to answer the question, because in his complaint he claimed particular compensation on account of the peculiar method of treatment adopted by him. The court thereupon stated that if the plaintiff would not claim compensation on account of any peculiar method of treatment, he need not answer; but that if he did claim compensation on that ground he must answer the question, because there were medical witnesses present who were to be examined as to the value of the services rendered. The counsel of the plaintiff thereupon asked leave of the court to permit him to consult with his client in order to determine whether, under the ruling of the court, he would elect to answer the question or not. This was objected to by the counsel for the defendant, but the court overruled the objection. After a few moments consultation between the plaintiff and his counsel in the court room, before the judge and jury, his counsel stated that the plaintiff elected to answer the question, and he did so. The question now is: Was it error on the part of the circuit court to permit the consultation under the circumstances? It appears to us not. We think it was a matter resting in a great degree in the discretion of the

court, whether to permit the consultation or not. This discretion has been exercised, and we are not disposed to review it. It is said that it was the absolute right of the defendant to cross-examine the plaintiff without interruption; and that a practice which will permit the opposing counsel, whenever a witness begins to prevaricate or contradict himself in his statements, to be withdrawn for consultation, tends essentially to destroy the right of cross-examination. It is undoubtedly the right of a party to cross-examine a witness, within reasonable bounds, without interruption; but this right, like many others, is not absolute and unqualified. For courts sometimes find it necessary to interfere with the cross-examination of a witness, where the latitude which the law allows is being abused, or where something is drawn out by the examination which seems to justify an interruption. In this case it is plain the consultation was not for the purpose of extricating the witness from any embarrassment; nor to prevent him from disclosing pretensions to skill which he did not possess. But, under the ruling of the court, it became necessary for him to elect what course to pursue—whether he would withhold his answer, claiming only ordinary compensation for medical services, or answer the question, insisting upon special compensation for peculiar skill in his method of treatment. Upon this point a consultation was had in the presence of the court and jury, after which the *question was answered.* In all this we perceive no error which will authorize us to reverse the judgment.

This suit was commenced on the 18th of July, 1865; and it was admitted by the plaintiff on the trial that he presented his bill for services to the defendant for $300 only, in April, 1865. The court, at the request of the plaintiff, instructed the jury, 1. That the fact that the plaintiff demanded $300 of the defendant does not preclude him from recovering more, if the jury think his services were worth more. 2. That the jury must base their finding as to the value of the services upon the

testimony of the witnesses; but must also take into consideration, in fixing the value of the plaintiff's services, the rendition of the bill of charges by him for only three hundred dollars.

To these instructions two objections are taken. In the first place it is said, inasmuch as the plaintiff presented his bill for services for $300 only, in April, he is bound by the amount there claimed, and is estopped from now claiming more, unless he shows that the defendant refused to pay the bill rendered. The mere fact that the plaintiff presented his bill for $300, would not, we suppose, preclude him, under the circumstances, from recovering more than this amount, if he could prove to the satisfaction of the jury that his services were worth more than this sum. If the defendant had received and accepted the account, admitting its justness and offering to pay it, there would then be some ground for saying that there was a settlement and an account stated between the parties. But there is nothing whatever in the case which will authorize the assumption that the defendant acquiesced even in the justness of the account, or considered himself in any way bound to pay the amount there claimed. In the answer the defense is not put upon any such ground as that there has been an account stated between the parties which concludes them as to the amount due. The court, therefore, properly told the jury that the fact of presenting this account by the plaintiff was a circumstance to be considered by them in fixing the value of the services. It would have been error to have instructed the jury that the plaintiff, by merely presenting his bill for services, without its appearing that the defendant ever accepted it or admitted its correctness, and offered to pay it, so as to make it a stated account, thereby precluded himself from recovering more than three hundred dollars, if the testimony showed that the services were worth more than this amount. *Toland v. Sprague*, 12 Peters, 300; *Lockwood v. Thorne*, 11 N. Y., 170.

A further criticism is made upon the instructions, which is,

that the jury were told the plaintiff was not precluded from recovering more than the amount claimed in the bill presented, if they *thought* his services were worth more. Of course the the jury, in determining the amount the plaintiff was entitled to recover, were confined to the evidence given bearing upon that question. They could not properly render a verdict as to any amount they might·" *think*" the services worth, regardless of the evidence. And were we to consider the first clause of the instructions without reference to what follows, we might be compelled to hold that it was erroneous in the language as there given. But the court cured this error by expressly charging the jury, in the next paragraph, that they must base their finding as to the value of the services upon the testimony of the witnesses. So that, taking the whole charge together, it is impossible to say that the jury might have been misled, and based their finding upon anything but the evidence before them.

We are therefore of the opinion that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.