## .Wood vs. Luscomb.

*Partners as tort-feasors; action against one. — Negligence.*

1. Where partners are jointly liable as wrong-doers, an action will lie against one of them.
2. Plaintiff having been injured by a collision of teams, and defendant's team not having given a part of the middle of the street as required by the statute, it was not error to refuse an instruction to the effect that, if plaintiff's driver saw defendant's team while at a considerable distance, and from that time until they met, and there was ample and unobstructed space in the street on plaintiff's right to enable her team to pass safely, then the negligent or unskillful management of her team must have contributed to the injury, and she could not recover. The facts recited are not conclusive proof of negligence; especially as plaintiff had a right to presume that defendant would comply with the statute.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff, while being conveyed in a buggy along Third street, in the city of Milwaukee, toward the south, met the defendant and his servant driving a horse and wagon toward the north; and she alleges that they negligently and wrongfully drove said horse and wagon to the left and west of the middle of the traveled part of said street, by reason whereof, without any fault on her part, the wagon and buggy collided, and she was thrown out and injured. The buggy, and the horse attached thereto, were in the possession of, and driven by and under the control of, one Pierce. The wagon, with the horse

attached thereto, belonged to the firm of Pierce & Luscomb
(of which defendant was a member), and was driven by one
Schroeder, a servant of that firm.   This action was brought to
recover for the injury.   The evidence, which was voluminous,
will not be stated.   After that for plaintiff was in, the court
denied defendant's motion for a nonsuit.   Verdict for the plaint-
iff; new trial denied; and defendant appealed from a judgment
on the verdict.

*Palmer, Hooker & Pitkin*, and *A. R. R. Butler*, for appel-
lant.

*S. W. Granger*, for respondent, to the point that where
partners are jointly liable as wrong-doers, the party injured
may, at his election, sue them jointly, or any one of them alone,
cited Story on Part. § 167; Collyer on Part. (2d ed.) book 3,
chap. 1, § 6, and chap. 6, § 3; Gow on Part. chap. 4, § 1;
*Edmonson v. Davis*, 4 Esp. 14; Watson on Part. (2d ed.) chap.
4, p. 235.

COLE, J.   It is claimed that the plaintiff's own evidence not
only raised the presumption of negligence on her part, but
established the fact that she did not exercise ordinary care in
avoiding the collision; and, therefore, that the court should
have granted the nonsuit.   But we think there was not suffi-
cient evidence of negligence on the part of the plaintiff to
warrant the court in withdrawing the case from the jury.   It
would be difficult to say upon the evidence, that proper and
reasonable care was not used by the plaintiff and her driver to
prevent the accident.   And the fact that the jury found for the
plaintiff, under an appropriate charge of the court on the sub-
ject, shows quite satisfactorily that the motion for a nonsuit
was properly denied.   For the evidence on the part of the
defendant was not calculated to strengthen the plaintiff's case,
and the court distinctly and clearly charged, that, in actions of
this kind, two facts must be established by the plaintiff in order

Wood vs. Luscomb.

to entitle her to a verdict; and those facts were, negligence on. the part of the defendant, and an absence of negligence on her part. And the court enforced this rule of law upon the attention of the jury in so many different ways, and by reference to the facts of the case, that they must have found that the plaintiff and her driver were free from negligence in the management of the horse and buggy. It is said the testimony shows that the street was sixty feet in width at the place of collision; that the team after which the defendant was riding was being driven directly forward in the middle of the street, thus leaving a space between his wagon and the curbstone on the side of the street along which the plaintiff's buggy was·passing, of twenty-five feet in width; and that the only possible inference from this state of facts is, that the collision must have resulted from the incapacity or negligence of the driver of the buggy. But in answer to this, it must be remembered that there was a conflict in the testimony as to the distance of the buggy from the curbstone when the accident occurred. The plaintiff, in her testimony, stated that they were on the right hand side of the street, as far as they could get without going into the ditch. Brown thought the buggy was eight feet east of the curbstone; and Schroeder says it was about eight or ten feet from the curbstone to his wagon, when the two vehicles came together. Other witnesses place the buggy further out in the street; so that it is impossible to say how far it was from the curbstone when t came in contact with the wagon. But in reference to this state of proof, the court charged, that parties driving along the streets and highways of the state are bound to use ordinary care on both sides; that if they can avoid an accident by the use of ordinary care, they are bound to do so; and that if an accident should occur from the want of the exercise of ordinary care, they must take the consequences, as the law afforded no remedy under such circumstances.

And, as we have already stated, the court seems to have fairly

submitted the questions of fact to the jury upon proper instructions, and we cannot say that the verdict was not justified by the evidence. There were two instructions asked by the defendant and refused, which require, perhaps, a word or two further notice.

The defendant requested the court to instruct the jury, that, if the team with which the defendant was riding was owned by Pierce & Luscomb, and the person driving it was in the employ of Pierce & Luscomb, and the defendant gave no directions about the driving of the team, and the collision and injury was the result of the negligence of the said driver, then *Luscomb* was not liable, but the action should have been brought against both Pierce & Luscomb, and their verdict must be for the defendant. The court declined to give this instruction, and ruled that the action might be maintained against the defendant, if, under the circumstances, the accident was caused by his negligence. The authorities to which we are referred by the plaintiff's counsel upon this point fully sustain the ruling of the court below. There was a separate liability on the part of the defendant for the injury, and perhaps a joint one with the other partner, though upon that question no expression of opinion is called for. But it is sufficient to say that the partner need not have been made a party. In addition to the authorities cited by the plaintiff, see *Creed v. Hartmann*, 29 N. Y. 591.

The other instruction asked and refused was: " If the jury shall find from the evidence, that the driver of the buggy saw the team of the defendant when the buggy was at the crossing of Cherry street and the wagon was at the alley south of Cherry street, and from that time all along until the collision occurred, and that there was ample room in the street, west of the defendant's wagon, to pass safely, and that there was no obstruction to interfere with the free use of that portion of the street, the negligent or unskillful management of the horse

attached to the buggy contributed to produce the collision and injury, and the verdict must be for the defendant."

The objection to this instruction is, that it assumes that the negligent management of the horse attached to the buggy contributed to produce the injury, if the driver of the buggy saw the team of the defendant when the buggy was at the crossing of Cherry street and the wagon was at the alley south of Cherry street, and from that time all along until the collision occurred, and there was ample room in the street, west of the defendant's wagon for the buggy to pass safely. Of course, a person who voluntarily and recklessly places himself in a position from which an injury results which might have been avoided with the use of ordinary care, cannot recover. But the driver of the buggy was lawfully driving along the public street, and, when he saw the team of the defendant approach, had the right to assume that the driver of that vehicle would obey the statute and drive to the right of the middle of the street. Ordinary care scarcely required that he should stop his buggy until the team of the defendant passed by him, or should so keep his horse under the control of the rein that it was not possible for the animal to turn slightly from his direct forward course in passing the defendant's wagon. There might have been ample room in the street west of the defendant's wagon for the buggy to pass safely, yet by mere accident, or a sudden starting of the horse to the east while passing the wagon, the vehicles might have been brought in contact. In the last clause of the third instruction asked by the defendant, which the court gave, the jury were told that if the collision between the wagons was occasioned by the team with which the plaintiff was riding hauling into the middle of the street too quickly to avoid the wagon of the defendant, and that by ordinary care in the management of the horse this might have been avoided, then the collision was the result of the unskillful management of the team carry

ing the plaintiff, and the defendant was not liable.  This, it appears to us, was as favorable an instruction as the defendant was entitled to, and not that the jury were authorized to infer the negligent and unskillful management of the horse attached to the buggy, merely from the fact that the driver of the buggy saw the team of the defendant when he was at the Cherry street crossing and from that time until the collision, and did not pass the defendant's wagon safely, there being ample room in the street west of the wagon to do so.  Negligence could not be predicated upon that fact alone.  It is quite certain, that if the defendant himself had obeyed the positive statute upon this subject, and had driven to the right of the middle of the street when passing the buggy, the accident would not have happened.  But he drove along in the middle of the street, according to his own testimony, in defiance of this statute enacted for the protection of those riding and driving along the public streets and highways.  And there is, unfortunately, a disposition on the part of many persons driving upon the highway to disregard entirely this wholesome provision of law.

*By the Court.* — The judgment of the circuit court is affirmed.