## NEANOW vs. UTTECH.

INSTRUCTIONS: NEGLIGENCE: CONTRIBUTORY NEGLIGENCE: COURT AND
JURY. *(1) Reversal for error in instructions: general rule. (2-5)
Various instructions considered. (6) When plaintiff's unlawful con-
duct at time of accident will not prevent a recovery for defendant's negli-
gence. (7) Court and jury. (8) True rule of negligence. (9) Defi-
nition of contributory negligence.* (10) EXCESSIVE DAMAGES.

1. In an action at law where the material issues were all fully and clearly
submitted to the jury, and specifically found by them, upon proper and
sufficient evidence, and the judgment is sustained by the findings, there
will be no reversal, unless it appears that the jury was misled to appel-
lant's prejudice by instructions given, or by the refusal of proper instruc-
tions.

2. In an action for injuries to the person from defendant's negligence in driv-
ing his team so as to produce a collision of his wagon with that of plaint-
iff, the court instructed the jury that, in determining the question of
defendant's negligence, " they must bring to bear upon the question
their own knowledge and judgment," and added that they must examine
all the testimony, all the circumstances, and then apply their own judg-
ment and good sense. *Held,* no error.

3. Where the findings were to be special, and no general verdict was re-
quired, there was no error in instructing the jury that they had " noth-
ing to do with the question of recovery," evidently meaning that they
were to answer the special interrogatories without reference to the legal
conclusions which the court might draw from them.

4. An instruction that it did not " make any difference how careless plaintiff
might have been," followed immediately by language showing the mean-
ing to be that no degree of negligence on his part would defeat a recovery
unless it contributed to the injury, was not error.

5. A further instruction that if the jury *thought* that plaintiff was not guilty
of any want of ordinary care, they should answer negatively an interrog-
atory on that point, *held,* in view of the other parts of the charge, not
liable to mislead the jury into a belief that their findings were not to be
determined by the evidence in the case. *Nauman v. Zoerhlaut,* 21 Wis.,
466.

6. The mere fact (if a fact) that plaintiff was violating the law of the road at the time of the accident (by letting his horse and wagon stand *in the center* of a village street), will not prevent a recovery, if such unlawful act did not produce, or directly contribute to produce, the accident. *O'Malley v. Dorn*, 7 Wis., 236; *Sutton v. Wauwatosa*, 29 id., 21; *McArthur v. G. B. & M. Canal Co.*, 34 id., 139.

7. Where negligence is not a *necessary* inference from the facts in evidence, the question should not be taken from the jury.

8. The true question in respect to negligence is, not whether the party " exercised his best judgment under the circumstances," but whether he exercised "such care as the great majority of mankind observe in the transactions of human life." *Dreher v. Town of Fitchburg*, 22 Wis., 675.

9. There was no error in refusing to define contributory negligence as "negligence in the slightest degree," but instructing the jury that " any want of ordinary care, even in a slight degree," on plaintiff's part, " which directly contributed to the injury," would prevent a recovery.

10. The evidence tended to show that plaintiff's injury was a " compound comminuted fracture of the leg — a very bad fracture; " that erysipelas ensued, and plaintiff was " in imminent danger of death " for about a week; that he incurred large expenses for medical care and nursing, and suffered much pain, during four or five months; that he was almost wholly disqualified for labor during a considerably longer time; and that one leg was permanently shortened. The jury having assessed the damages at $1,550, this court refuses to reverse the judgment for excessive damages.

APPEAL from the Circuit Court for *Dodge* County

Action for injuries to the plaintiff's person alleged to have been caused by defendant's negligence. The verdict was special, in answer to nine interrogatories, and found the following facts: That plaintiff's and defendant's wagons collided at the village of Hustisford; that [in consequence of such collision] plaintiff's horse ran away, and plaintiff was injured in his person; that defendant did not exercise ordinary care in passing plantiff's wagon, but was driving with a loose line and in a careless manner, and not keeping a sufficient distance from plaintiff's wagon, there being sufficient room to pass the same without a collision; that there was no want, even in a slight degree, of ordinary care on plaintiff's part, contributing to his

injury; and that the damage to plaintiff resulting from said injury was $1,550.

The exceptions taken to the general charge of the circuit judge will sufficiently appear from the opinion.

The following instructions, asked by the defendant, were refused:

" 1. If plaintiff, at the time of the collision was, and for some time previous had been, remaining standing with his horse and buggy in the traveled portion of the public street, in or near the center thereof, in the village of Hustisford, engaged in indifferent conversation with a person standing by said buggy, and such position and conduct tended to and did partially obstruct the public travel along said street, and if the collision occurred in consequence of said obstruction, that was a want of ordinary care on his part, and he cannot recover:

" 2. If plaintiff's own negligence in the slightest degree directly contributed to the collision, or the accident, he cannot recover.

" 3. If plaintiff drove a three-year-old stallion attached to a wagon upon a public street greatly crowded at the time with people and horses and cattle, and voluntarily stopped therein for no purpose necessary to travel, and remained standing on the traveled portion thereof, so that by reason thereof defendant's wagon collided with that of the plaintiff, while defendant was passing with his team in said street, plaintiff cannot recover.

" 4. The fact of injury to the plaintiff, or of the collision, does not establish the charge of negligence against the defendant. If, while passing along the road in his legitimate business, he exercised his best judgment under the circumstances in evidence, and was not guilty of negligence, there can be no cause of action against him for a mere accident. Especially would that be the case when plaintiff's conduct produced the state of affairs that called forth the exercise of that judgment."

" 6. Ordinary care is such care as would be exercised by a

person of ordinary prudence under the particular circumstances of the case. So, if plaintiff might have selected a safer or more suitable place for his team, and so as not to obstruct travel, it was his duty to do so, and not to do this was negligence. So, also, if stoppage in the street was necessary, it was plaintiff's duty to leave room enough for the easy passage of teams to his right in the traveled portion of said street, i. e. the space between the sidewalks. So, also, it was his duty, if so detained in the street, to keep strict watch for teams coming towards him, and to change his position before they passed him. And it is for the jury to say whether he was so in the street, or neglected any of these duties.

"7. The assembling and standing of persons upon the public highway for the purposes of trade or amusement is unlawful. The highway is dedicated to the public for the purposes of passage and travel only; and all persons who congregate upon it for other purposes, do so at their own risk. If, therefore, plaintiff, at the time he received the injuries complained of, was standing with his horse and wagon upon the public highway, with a large number of other persons assembled thereon and about his person, for the purposes of holding a cattle or stock fair in said highway, so as to obstruct public travel thereon, he was guilty of contributory negligence, and cannot recover."

The court gave the following instructions asked ·by defendant:

"5. If plaintiff was guilty of want of ordinary care, however slight, in the management or conduct of his horse, or in occupying and remaining standing in the street with his horse and wagon, which want of care contributed directly in any degree to produce the collision, he cannot recover."

"8. If defendant, in passing plaintiff's wagon, exercised such care as a person of ordinary prudence in his place would commonly exercise, and might reasonably be expected to exercise under like circumstances, in determining whether he

could safely pass plaintiff's wagon, and in turning out and while passing, then the verdict should be for the defendant."

Defendant's motion to set aside the verdict was denied; and from a judgment in plaintiff's favor, for the damages assessed by the jury, defendant appealed.

*Harlow Pease*, for appellant, contended that the several instructions asked and refused having reference to the conduct and status of the plaintiff at the time of the injury, and their effect on his right to recover, should have been given. Plaintiff was not a traveler upon the highway. He testified that his business there that day was showing his horse to the crowd. He and those around him were using the highway for the purpose of holding a cattle fair. They went to Hustisford for no other purpose. To fill a public street with a crowd of people, horses, cattle and wagons, for the purpose of holding a fair, is not only unlawful, but is a nuisance *per se*. Wood on Nuis., 236–251; *McCarthy v. Portland*, 67 Me., 167; 24 Am. Rep., 23; *Stickney v. Salem*, 3 Allen, 374; *Blodgett v. Boston*, 8 id., 237; *Barker v. Comm.*, 19 Pa. St., 412; *Scott v. Hunter*, 46 id., 192; *Little v. Madison*, 42 Wis., 643. Undoubtedly a traveller — one who is using the highway for legitimate purposes — has the right to stop temporarily by the *roadside* for his own personal convenience; but this right must be strictly subordinated to the primary use of highways as thoroughfares for travel. Angell on H. W., 425; *Palmer v. Barker*, 11 Me., 338. It is not contended that the simple fact that plaintiff was using the highway for an unlawful purpose, is a bar to recovery. But it is contended that, as a matter of law, plaintiff was unlawfully standing in the center of the public street; and that such unlawful act not only contributed to, but was the sole cause of the injury, and that plaintiff traced his title to damages through his own breach of the law. The evidence showed conclusively that, instead of going to the roadside, he deliberately stopped in the center of the street, crowded with men and teams, with a

young stallion harnessed to his wagon for the second time in his life; that he disregarded the warning of a witness who told him " to clear the road;" and that his injury was due to his own recklessness and folly. *Railroad Co. v. Jones*, 5 Otto, 439, and cases there cited; *Gibson v. Railway Co.*, 63 N. Y., 449.

Counsel also contended that certain instructions given by the court were erroneous.

*J. B. Hays*, for respondent, argued, among other things, 1. That questions of negligence are eminently proper for the jury, and must necessarily be determined by the facts and circumstances of each case. *Houfe v. Fulton*, 29 Wis., 296; *Wheeler v. Westport*, 30 id., 392. 2. That if plaintiff, at the time of the injury, was doing an unlawful act, that was no defense. *Sutton v. Wauwatosa*, 29 Wis., 21; *McArthur v. G. B. & M. Canal Co.*, 34 id., 139; 3 Allen, 176; *Steel v. Burkhardt*, 104 Mass., and note on p. 63; *Hall v. Corcoran*, 107 id., 251; id., 347.

ORTON, J. The material issues upon which the liability of the defendant depended, appear to have been fully and clearly submitted to the jury, and specifically found by them, and, as we think, upon sufficient evidence; and this court would not be warranted in disturbing the findings, unless it is apparent that the jury was misled, to the prejudice of the defendant, in some of the respects claimed by the learned counsel of the appellant, by improper instructions given or proper instructions refused.

The parts of the instructions given to which exception is taken, are as follows:

"1. You are to bring to bear upon this question, your own knowledge and your own judgment."

This is said in respect to the want of care on the part of the defendant; and in its following connection the jury were told: "It is for you to examine all the testimony, all the sur-

roundings, all the circumstances, and then apply your own judgment, your own good sense, and answer the question either in the negative or affirmative." This limits the use of the knowledge and judgment of the jury to the testimony, and the jury could not have understood that they could act upon their own knowledge and judgment irrespective of the evidence.

" 2. You see you have not anything to do here with the question of recovery."

The findings were to be special, and no general verdict was required, and it was very proper that the jury should be instructed not to consider the legal consequences of the facts upon which they were required to find, so that they might not be influenced in such findings by the personal consideration as to which party might gain or lose by them, in the ultimate legal conclusions of the court, drawn from the facts so found. The jury might easily make grave mistakes in anticipating and deciding such questions of law, which might prejudice their findings of fact, and thus the chief purpose of such special findings would be defeated.

" 3. Now it does not make any difference what want of care he may have been guilty of, how careless he may have been."

This is said in respect to the contributory negligence of the plaintiff, which would defeat his recovery; and the meaning of this clause of the instructions is clearly apparent from the language following it, viz: " Did that want of care contribute to the injury complained of, contribute to this hurt which he got? If it did not, it is of no consequence." This was equivalent to saying, " It makes no difference, and it is of no consequence, what want of care he may have been guilty of, or how careless he may have been, unless you find that such want of care contributed to produce the injury complained of;" and this is a correct statement of the law.

" 4. Now you will answer that, if you *think* he was not guilty of any want of ordinary care, even in a slight degree, which

contributed to the injury, why, you will say, No, and write that down there."

The use of the word *think* in this connection, standing alone and unexplained, might have been erroneous, as claimed by the learned counsel, supported by *Nauman v. Zoerhlaut,* 21 Wis., 466; but when so casually used, and but once, in the charge, in which the jury had been explicitly told that their findings must be governed by the evidence, and that they must use their "knowledge, judgment and common sense" in considering the evidence, it was clearly not error, according to said authority.

, The suppositive statement of some parts of the evidence, complained of as being partial, improperly suggestive or unwarranted, seems to have been fair, and not likely to mislead the jury from the facts proved, to which the attention of the jury had been specially directed in other parts of the charge. It appears to have been made for the purpose of illustrating and explaining the instructions upon the law; and for such purpose it was not improper.

The first, third, sixth and seventh instructions asked and refused, the learned counsel of the appellant has well said, "all have reference to the conduct and status of the plaintiff at the time he received the injury complained of;" and it may also be said, they had reference to the relative legal rights of the parties in respect to the street or highway in which the plaintiff, with his horse and vehicle, was stopping when the defendant attempted to pass with his team and wagon. These instructions educe negligence in law on the part of the plaintiff, from his violation of the "law of the road," irrespective of the conduct of the parties at the time and under the circumstances, which was the direct and proximate cause of the injury. All the facts and circumstances stated in each of said instructions might have existed, and yet the defendant have been guilty of even gross negligence, and the plaintiff not guilty of the least want of ordinary care. It

is quite immaterial whether either or both of the parties were guilty of the violation of the statute in respect to the use of streets, or of any other law or duty at the time, if such violation in itself did not produce, or directly contribute to produce, the injury. In respect to the relative rights of persons meeting and passing each other on the highway, which are more clearly defined in such case than when passing each other in the same direction, the law is well settled that a person cannot stubbornly and doggedly stand or insist upon his legal rights of the road, even against another person violating such rights, and wantonly produce a collision which a slight change of position would have avoided. *O'Malley v. Dorn*, 7 Wis., 236.

"If a party be found with his vehicle upon the half of the road to which he has not the right, another, in passing or attempting to pass, cannot carelessly or imprudently rush upon him or his vehicle;" "and if such attempt would not be thus reasonably safe and prudent, it is his duty to delay and seek redress by action for any injury sustained by the detention." *Brooks v. Hart*, 14 N. H., 307.

The true rule in such cases is laid down in *Sutton v. The Town of Wauwatosa*, 29 Wis., 21, by the late Chief Justice DIXON, in a very able and elaborate discussion of the question, whether the unlawful act of the plaintiff, without negligence, will defeat his right of recovery for an injury caused by the negligence of the defendant. "To make good the defense on this ground, it must appear that a relation existed between the act and violation of law on the part of the plaintiff, and the injury or accident of which he complains, and that relation must have been such as to have caused, or helped to cause, the injury or accident, not in a remote or speculative sense, but in the natural and ordinary course of events, as one event is known to precede or follow another." The language of Chief Justice APPLETON, in *Moulton v. Sanford*, 51 Me., 134, is of the same import in respect to the unlawful act of

the plaintiff as being the cause of the injury. "Ordinarily that condition is usually termed the *cause*, whose share in the matter *is the most conspicuous, and is the most immediately preceding and proximate to the event.*" See also *McArthur v. The Green Bay & Miss. Canal Co.*, 34 Wis., 139. These instructions are objectionable, also, because they declare the contributory negligence of the plaintiff as an inference or conclusion from a given state of facts, from which such inference or conclusion do not necessarily follow as matter of law, when in such cases negligence is more properly submitted to the jury. *Houfe v. The Town of Fulton*, 29 Wis., 296; *Wheeler v. The Town of Westport*, 30 Wis., 392.

That part of the fourth instruction asked and refused, in respect to the negligence of the defendant, was substantially given in the charge; and that part of it relating to the exercise of the defendant's best judgment under the circumstances, lays down a very unsafe and quite too limited a rule of ordinary diligence and common care. The true rule, as laid down in *Dreher v. The Town of Fitchburg*, 22 Wis., 675, is, "such care as the great majority of mankind observe in the transactions of human life," and it is not left merely to the measure of one's own judgment.

By the authority of this case, the second instruction asked and refused was also objectionable in its definition of contributory negligence, as "negligence in the slightest degree," and the true rule was given by the court in the charge, "any want of ordinary care, even in a slight degree, which directly contributed to the injury." The specific instructions of the court in this case, in application to the special issues submitted, were very full and explicit, and appear to have been very carefully considered by the learned judge who presided at the trial, and are substantially correct.

The findings of the jury embraced every material question involved in the plaintiff's right to recover, and appear to have been warranted by the evidence; at least there is no clear

preponderance of the evidence against them or either of them.

In respect to the amount of damages recovered, and which is claimed to be excessive, the jury and the circuit court were in better situation to judge of the extent and permanency of the plaintiff's injury, than this court can be from the record here presented; and, although the damages awarded to the plaintiff may impose a great hardship upon the defendant, we think we would not be warranted in saying that they were grossly disproportionate to the loss of time, expenses of cure, pain, suffering and disability suffered by the plaintiff, as disclosed in the evidence.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.