### BYRON ANGELL *vs.* EDWARD P. LEWIS.

PROVIDENCE—FEBRUARY 11, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The wife of the plaintiff, driving his team on the right-hand side of a road, met
two other teams and turned out still further to her right to allow them to pass.
The defendant, driving his team immediately in the rear of the other two, sud-
denly turned out to his left to pass them and, in the attempt, ran into the
plaintiff's team and injured it :—

*Held,* that defendant was liable, and that a verdict in his favor should be set
aside.

One who violates the "law of the road" by driving on the wrong side assumes
the risk of the experiment; he is required to use greater care than if he kept
on the right side of the road.

If a collision occurs under these circumstances, the presumption is against the

party who is on the wrong side of the road, especially if the collision takes place in the dark.

If the driver of the injured team had discovered defendant's team in season to have avoided the collision, by stopping or otherwise, it would have been her duty to do so notwithstanding the defendant's negligence in violating the law of the road.

TRESPASS for injuries to plaintiff's team. Heard on plaintiff's petition for a new trial.

TILLINGHAST, J. The evidence shows that on January 3, 1897, between five and six o'clock P. M., the plaintiff's wife, together with her hired girl, while driving from her home at Fruit Hill towards Centredale, in North Providence, in the plaintiff's team, which consisted of a horse and top-buggy, met with an accident in the following manner: The plaintiff's wife, while driving along on the right-hand side of the road, saw two teams coming towards her from the opposite direction and seasonably turned out still further towards the right to allow them to pass. As she was passing them the defendant, who was in his team—a two-wheeled village-cart —immediately in the rear of said teams and coming in the same direction, instead of keeping behind them, suddenly turned out to his left, and, in attempting to pass said teams, ran into the plaintiff's team and caused the damage, to recover which this suit is brought. It was dark and foggy at the time of the accident, and a team could not be seen at any considerable distance. The defendant admits that there were two teams ahead of him; that he turned out to his left to go by them, and that as he turned out he met and collided with the plaintiff's team, which he did not see until he started to go by the others, when it was too late to avoid the collision. He also admits that when he pulled out to pass the teams ahead of him he was not thinking that some one might be coming towards him on the other side of the road. The road where the accident happened was practically level and was 37½ feet in width, 25 feet of which, at least, could be safely used for carriages. The teams in front of defendant were traveling, according to the testimony of the persons driving the same, at the rate of eight or nine miles per hour

when defendant attempted to pass them; and the evidence is pretty clear that defendant was driving at a rapid pace when he attempted to pass the other teams.

These being the material facts in the case, the verdict of the jury, which was for the defendant, was clearly against the evidence and ought to be set aside.

Gen. Laws R. I. cap. 74, § 1, provides that "Every person traveling with any carriage or other vehicle, who shall meet any other person so traveling on any highway or bridge, shall seasonably drive his carriage or vehicle to the right of the centre of the traveled part of the road, so as to enable such person to pass with his carriage or vehicle without interference or interruption."

The evidence shows that the plaintiff's wife complied with this requirement on meeting the two teams aforesaid, and that she was in the act of passing them safely when the defendant suddenly pulled his team to the left and collided with hers. In thus taking the wrong side of the road the defendant took the risk of the consequences which might arise from his inability to get out of the way of another team approaching on the right side of the road and is responsible for injuries sustained by the latter while exercising ordinary care. In other words, one who violates the "law of the road" by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on the right side of the road; and if a collision takes place in such circumstances, the presumption is against the party who is on the wrong side. And this is especially true where the collision takes place in the dark. *Cruden* v. *Fentham*, 2 Espinasse, 685; Shearman and Redfield on Neg. 4 ed. § 651; Elliott on Roads and Streets, 620 and cases cited in notes 5, 6, 7. *Chaplin* v. *Hawes*, 3 C. & P. 554. In *Brooks* v. *Hart*, 14 N. H. 307 (311), the court says: "It is legal negligence in any one to occupy the half of the way appropriated by law to others having occasion to use it in traveling with teams and carriages, and he is chargeable for any injury flowing exclusively from that cause." To the same effect are *Wilson* v. *Mfg. Co.*, 2 Harr. (Del.) 67 (70); and

*Fales* v. *Dearborn*, 1 Pick. 345. See also 12 American and English Ency. of L. 957–60, and cases; *Kennard* v. *Burton*, 25 Me. 39. The plaintiff's wife had the right to presume that the driver of any team coming in the opposite direction would duly observe the law of the road as she herself was doing, *Wood* v. *Luscomb*, 23 Wis. 287 (291), and hence she was not called upon to exercise that degree of care which devolved upon the defendant when taking the wrong side of the road. *Pluckwell* v. *Wilson*, 5 C. & P. 375. Of course if plaintiff's wife had discovered the defendant's team in time to have avoided the collision, by stopping or otherwise, it would have been her duty to do so, notwithstanding the fact that defendant was guilty of negligence in violating the law of the road; *O'Maley* v. *Dorn*, 7 Wis. 236; Cooley on Torts, 66–7. But it is very clear from the testimony that she did not see defendant's team until it was too late to avoid the collision, and hence that she was not in fault regarding the accident.

Petition for a new trial granted, the same to be had on the question of damages only.

*Adoniram J. Cushing*, for plaintiff.

*Stephen A. Cooke and Louis L. Angell*, for defendant.