SCHROEDER, Administratrix, Respondent, vs. CITY OF WATERTOWN, Appellant.

*April 15—May 4, 1915.*

*Highways: Defect causing injury or death: Evidence: Competency: Condition of road five days after accident: Contributory negligence: Law of the road: Municipal ordinance: Damages: Amendment of complaint: Special verdict: Separate submission of issues: Appeal: Harmless errors: Setting aside verdict.*

1. In an action for death of a person alleged to have been caused by a hole in the street on which he was driving, there being evidence of the existence of the hole at the time of the accident and evidence tending to show that there was no material change in conditions for a long time thereafter, the testimony of a surveyor as to measurements of the hole made by him five days after the accident was competent.

2. The law of the road as established by statutes and decisions in this state deals with the duties of travelers at street and high-

way intersections, or when meeting one another, or when one wishes to pass another going in the same direction, but does not affect the question of contributory negligence in a case where a person was injured by a defect in the street while driving on the left side thereof and the evidence tended to show that he had necessarily veered to the left because teams were lined up on the right side.

3. The exclusion, as evidence in such case, of a municipal ordinance relating to the rule of the road but not shown to differ from the statute and common law, cannot be held error.

4. The complaint in an action for death of a person alleged to have been caused by a defect in a highway asked $5,000 as damages, but at the trial an amendment changing the amount to $10,000 was allowed. Upon the argument to the jury plaintiff's counsel stated that there might be some question as to the right to recover more than $5,000, and that plaintiff would be content with that sum. Objection to such argument being sustained, plaintiff was allowed to amend the complaint again so as to reduce the amount claimed to $5,000. *Held,* that the first amendment was properly allowed, and the allowance of the second was not prejudicial to the defendant.

5. Having pleaded as a separate defense that at the time of the accident the decedent's horses were more than momentarily beyond his control and were actually running away, defendant was fairly entitled to have that issue directly and specifically submitted to the jury in the special verdict; but the jury having been instructed that if they found such loss of control over the horses existed and was responsible for the injury, then they must find that the defect in the street was not the proximate cause of such injury, the refusal to submit the issue in a separate question cannot be held prejudicial error, although the practice pursued is disapproved.

6. Where a party is entitled to have an issue submitted separately in the special verdict, the fact that the question or questions proposed by him do not fully cover that issue does not excuse refusal of the court to submit appropriate questions.

7. This court will not reverse a judgment merely because in its opinion the verdict was against the preponderance of the evidence, where the trial court refused to set aside the verdict on that ground.

Appeal from a judgment of the county court of Jefferson county: R. B. Kirkland, Judge. *Affirmed.*

On May 23, 1912, William Schroeder, while driving a

team of horses hitched to a wagon loaded with brick upon a highway known as Third street in the city of *Watertown,* was thrown to the ground and instantly killed. The plaintiff herein, as administratrix of the said deceased, brought this action to recover damages for his death. The complaint alleged that the accident was due to the insufficiency and want of repair of the highway, consisting of a deep hole in the street into which the wheels of the wagon dropped. The answer of the defendant denied liability and charged the deceased with contributory negligence and alleged that he was driving on the wrong side of the street and that at the time of the accident the team was beyond his control and was actually running away. The action was begun in circuit court, and after a mistrial, upon application by defendant for a change of venue, it was removed to the county court. The jury returned the following special verdict:

"(1) Was the street in question, at the time when and the place where it is claimed William Schroeder was injured, reasonably safe for public travel by persons in the exercise of ordinary care? *A.* No.

"(2) If you answer the first question in the negative, then answer this: Had such unsafe condition existed a sufficient length of time prior to the injury that the city, in the exercise of ordinary care on the part of its officers having charge of its streets, ought to have discovered such unsafe condition in time to have repaired it if they acted with reasonable diligence? *A.* Yes.

"(3) If you answer the first question in the negative, then answer also this: Was such unsafe condition of said street, at the time when and place where William Schroeder was injured, the proximate cause of the injury to said William Schroeder? *A.* Yes.

"(4) Did any want of ordinary care on the part of William Schroeder proximately contribute to produce the injury? *A.* No.

"(5) What sum of money will compensate the plaintiff for the damage she sustained by reason of the death of William Schroeder? *A.* $5,000."

From judgment entered in accordance with such verdict defendant appeals.

For the appellant there was a brief signed by *Otto Kuenzli,* special assistant city attorney, and *Kading & Kading,* of counsel, and oral argument by *Mr. Kuenzli.*

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, and oral argument by *Mr. Stebbins.*

BARNES, J.    The appellant assigns error (1) in rulings on evidence; (2) in permitting amendments to the complaint; (3) in refusing to submit certain requested questions to the jury; (4) in refusing to direct a verdict; (5) in refusing to change certain answers in the verdict and enter judgment thereon for the defendant; (6) in giving instructions contrary to law; (7) in refusing to grant a new trial.

1. Two rulings are complained of under the first assignment of error. The first relates to the admission in evidence of the testimony of one Hyer, taken on a former trial of the action, Mr. Hyer having died in the meantime. He was examined and cross-examined on the first trial, and his evidence, if competent, was admissible under sec. 4141*a,* Stats. Appellant concedes this, but argues that Hyer's testimony was incompetent on the first trial and so should have been excluded on the second. Hyer was a surveyor, and five days after the accident measured the hole which constituted the alleged defect. It is insisted that proof as to the condition of the highway on May 28th had no tendency to establish its condition five days earlier. The hole in question was at a catchbasin, and we think the evidence pretty clearly established its existence at the time of the injury. There was evidence tending to show that there was no material change in conditions for a long time after the accident. In the absence of some showing that conditions had changed during the five days, it was proper to let the evidence go be-

-fore the jury for what it was worth. The probability of any material change during the interim was slight. The delay in making the measurement might affect the weight of the evidence, but did not render it incompetent.

The other complaint in regard to rulings on evidence arises out of the exclusion of an ordinance of the city of *Watertown* pertaining "to the rule of the road relative to vehicles." It was alleged in the answer that the deceased was driving on the left-hand side of the street when injured and that he was negligent in so doing. The ordinance was offered on the issue of contributory negligence. It was rejected by the court as being incompetent and immaterial. Such ruling is assigned as error. We have been unable to find the ordinance in the record and do not know what its provisions were or whether the defendant was harmed by the court's ruling or not. The respondent argues in her brief that the ordinance was simply declaratory of the statute and common law as it existed and that its admission would tend to confuse the jury. Our decisions on the law of the road deal with the duties of travelers on meeting one another, or when one desires to pass another going in the same direction. *O'Malley v. Dorn,* 7 Wis. 236; *Wood v. Luscomb,* 23 Wis. 287. Sec. 1591, Stats., deals with the duties of travelers on meeting on a highway, and sec. 1636—49 establishes their duties at street and highway intersections. In the instant case the evidence tends to show that the deceased veered to the left because teams were lined up on the right side of the road and it was necessary to turn to the left in order to get by. We do not see where or how the law of the road could affect this case, unless the *Watertown* ordinance differs materially from the state law. The relevancy of the ordinance is not made apparent, and consequently there is no affirmative showing of error. It has been held that where the unlawful act of a person injured on a highway contributes to his injury there can be no recovery. *Welch v. Geneva,* 110 Wis. 388, 390,

85 N. W. 970; *Walker v. Ontario,* 111 Wis. 113, 117, 86 N. W. 566; *Lloyd v. Pugh,* 158 Wis. 441, 446, 149 N. W. 150. The evidence, however, does not bring the case within the rule of these decisions.

2. In her original complaint the plaintiff placed her damages at $5,000. At the beginning of the trial a motion was made to amend the *ad damnum* clause so as to claim $10,000 damages. This motion was made in the presence of the jury and was granted. In arguing the case to the jury plaintiff's counsel in substance stated that there might be some question about their right to recover to exceed $5,000 and that they would be content with that sum. On objection being made and sustained to this line of argument, plaintiff again moved to amend the complaint so as to reduce the damages claimed to $5,000, which amendment was granted.

It is argued that it was prejudicial error to grant these amendments; that there was no justification for applying for the first one; and that, having secured the amendment, plaintiff should not have been allowed to amend a second time and state in the presence of the jury the reason for falling back on the original complaint. While appellant's counsel acquits respondent's counsel of "jockeying" for the purpose of getting improper matters before the jury, it is argued at length that the maneuvering resorted to was prejudicial to the defendant, in that it tended to enhance the damages recovered and to lead the jury to the conclusion that the defendant was liable.

The defendant asserts that the amount of the plaintiff's recovery was limited by statute to $5,000. Plaintiff's counsel evidently wavered on the question, but concluded either that $5,000 was adequate compensation or else that it would not be wise to secure a verdict for a greater sum. By ch. 454, Laws 1885, recovery by one person for injuries on a highway was limited to $5,000. The general statute at this time and until 1907 limited the recovery for injuries resulting in

death to $5,000.    By ch. 581, Laws 1907, sec. 4256 was so amended as to permit a recovery up to $10,000.

Reading these statutes together, bad faith could hardly be attributed to plaintiff's counsel in claiming the larger sum for damages, even if the claim was abandoned.    Reading the construction placed on the statute by this court in *Moyer v. Oshkosh,* 151 Wis. 586, 600, 139 N. W. 378 (which seems to have been overlooked by counsel on both sides), it might well have been a kindness to the defendant to limit the liability to $5,000 finally.    The first amendment was properly allowed, and the second one, if prejudicial at all, was prejudicial to the party who asked for and secured it.

3. The appellant requested the court to submit the following questions to the jury:

"If you answer the first question in the negative, then answer this question: 'Was the team driven by William Schroeder, at and immediately prior to being driven into the unsafe condition of the street, beyond his control?'

"If you answer the preceding question in the affirmative, then answer this question: 'Was such team so driven by William Schroeder more than momentarily uncontrollable at and immediately prior to being driven into such unsafe condition of the street?'"

The answer, as a defense to the action, set forth that at the time of the accident the team was in a condition of fright and more than momentarily beyond the control of the driver, and was actually running away.    There being no reply, under the Code this allegation stood as denied by the plaintiff. The issue so raised constituted a distinct and separate defense and one that was sharply litigated on the trial.    There is no doubt that under the authorities the defendant was fairly entitled to have this issue placed squarely before the jury by the submission of appropriate questions.    The authorities dealing with the proposition are reviewed in *Wawrzyniakowski*

*v. Hoffman & B. M. Co.* 146 Wis. 153, 131 N. W. 429.   See,.
further, *Sadowski v. Thomas F. Co.* 157 Wis. 443, 146 N..
W. 770.

It is said, however, that there was no error in refusing. to·
submit the proposed questions because they did not fully
cover the issue which the defendant was attempting to raise.
Under the law as laid down in *Ritger· v. Milwaukee,* 99 Wis.
190, 74 N. W. 815, the questions submitted did not fully present the issue which was raised by the pleadings.   This would
hardly be a sufficient excuse in the present instance for refusing to submit appropriate questions.   The duty of framing a special verdict devolved upon the court.   The issue being raised by the pleadings and by the evidence, and the·
court's attention having been sharply directed to such issue·
by the request made, it was its duty to submit the proper·
questions covering the point. .   The failure to do so was error,.
and the only question is whether the error should be held
prejudicial.

In the instant case the court charged the jury, under the·
question dealing with proximate cause, quite fully in reference to the defense under consideration.   The jury was told
that the defendant claimed the injury was caused because the·
horses became frightened and the driver lost control of them..
Continuing, the court said:

"If you find it to be a fact that from any cause William
Schroeder, shortly prior to reaching the hole, had lost control
of his horses, which loss of control continued up to that point,
and that his wagon struck the hole because of such loss of
control, then the proximate cause of the injury was not the
hole but the loss of control over the horses, or that which
caused the horses to become uncontrollable."

The jury was advised that if it found that such loss of control existed and was responsible for the injury, then it must
find that the hole in the street was not the proximate cause of
such injury.   In this respect the case differs from the *Hoff-*

*man-Billings Case* and from the cases therein cited. It presents the situation that was before the court in *Steber v. C. & N. W. R. Co.* 139 Wis. 10, 120 N. W. 502, where it was held that the error, if error there was, would be held to be nonprejudicial, because the court could not say that the jury would not follow the instructions given and assume that the conclusion reached was different from what it would have been had the proper specific question been submitted. While we hold that no reversible error was committed, we do not approve of the practice pursued. In all fairness the defendant was entitled to have the jury say directly and specifically whether or not the team was running away and beyond control momentarily, and whether the injury was the result of the runaway, if one was found.

4 and 5. The errors assigned upon the refusal of the court to direct a verdict for the defendant and in refusing to change the answers to certain questions in the special verdict and award judgment to the defendant on the verdict as changed are based on the proposition that the evidence was insufficient to sustain a verdict for the plaintiff. We have examined the evidence, and hold that it is sufficient to support the verdict.

6 and 7. It might have been proper enough for the trial judge to set aside the verdict as being contrary to the clear preponderance of the testimony on some vital issues, but, he not having seen fit to do so, this court will not reverse the judgment because in its opinion the verdict is against the preponderance of the evidence. We find no exception to the part of the charge complained of, and neither do we find any error in it.

*By the Court.*—Judgment affirmed.