## PALMER vs. BARKER.

When two persons are travelling with carriages, &c. on the road, and *about to meet and pass each other*, each is bound to pass to the right of the centre of the *travelled road* — and in so doing to use ordinary care and caution — and if one of them, by omitting this care, be injured in his person or property, he is without legal remedy — and if he injure the other, he will be liable to him in damages.

Though one may lawfully pass *on* the *left side* of the road or *across* it, for the purpose of turning up to a house, store, or other object, on that side of the road, yet in so doing, he must not obstruct those who are lawfully passing along on the same side.

THIS was an action of trespass, in which the defendant was charged with killing the plaintiff's horse, by running against him with his, the defendant's wagon, and thrusting a shaft of the wagon into the horse's breast. A verdict was returned for the plaintiff; whereupon the defendant moved for a new trial, on the ground that the verdict was against evidence and the weight of evidence.

The substance of the facts are clearly stated in the opinion of the Court.

*Wells*, for the defendant, endeavored to show that the verdict was against the weight of evidence, and also contended, that the statute did not apply to a case of this kind, the defendant being at the time of the injury, *out of the highway*; that is, out of the travelled part of the road. And 2. That the plaintiff was not entitled to recover in this action, because he was not using ordinary care, at the time of the injury, and cited the following authorities. *Clark, Petitioner* v. *Commonwealth*, 4 *Pick.* 125; *Smith* v. *Smith*, 2 *Pick.* 621; *Butterfield* v. *Forrester*, 11 *East*, 60; *Farnum* v. *Concord*, 2 *N. H. Rep.* 392.

*Allen*, for the plaintiff, cited *Fales* v. *Dearborn*, 1 *Pick.* 345.

MELLEN C. J. — This is a motion for a new trial, on the ground that the verdict is against evidence and the weight of evidence. The evidence was in some respects contradictory; though the most substantial facts seem to have been perfectly established. A Court of law is not in the habit of setting aside verdicts on such

ground, except in those cases where it is plain that the jury have drawn conclusions unauthorised by the proof. Whether they have so done in any particular case is often a question of difficulty, and one which should be examined with care and decided with caution. In the case before us, the jury have found a verdict in favor of the plaintiff, upon the evidence reported to us ; and we are called on to inquire and pronounce our opinion, whether judgment shall be entered thereon, or a new trial granted. The act respecting the law of the road, *ch.* 245, declares that travellers shall keep " *to the right* of the centre of the travelled part of the road." The design of the law is to prevent travellers, when going on the road in opposite directions from obstructing each other, or so interfering as to produce injury or expose them to danger. The statement of some legal principles, of general application, may aid in a correct decision of the question before us.

1. Unless in some special cases, each traveller is bound to pass to the right of the centre of the travelled road, when two are travelling in contrary directions and are nearly approaching and about passing each other.

2. In so doing, both are bound to use ordinary care and caution.

3. If, by neglecting to attend to this duty, one of the travellers is injured in his person or property, he can have no remedy against any one ; and if he so injures the other, he is liable to him in damages for the injury his wrong has occasioned.

4. A man may travel in the middle or on either side of the travelled road, when no person is passing or about to pass in an opposite direction.

5. So, he may pass *on* the left side of the road or *across* the same, for the purpose of turning up to a house, store or other object on *that* side of the road ; but in so doing he must not interrupt or obstruct a man *lawfully* passing on that side, which would be in a direction, in a degree contrary to his : if he does, he acts *at his peril*, and must answer for the consequences of such violation of his duty. In such circumstances he must pass *before*, or wait till *after* such person has passed on. The observance of this regulation, which the law requires, leaves *each* party in the enjoy-

ment of his rights, without danger or inconvenience to *either.*
The decision in the case of *Fales* v. *Dearborn,* cited by the coun-
sel for the plaintiff proceeded on this principle. That was a
stronger case than this, as the defendant did not see the plaintiff's
carriage till the moment of interference.

Let us now look at the facts on which the jury found their ver-
dict. The parties were in plain view of each other for a minute
or two before they met ; and whichever of the two was in fault,
he had time to see the impending danger. The plaintiff was *de-
scending* a gentle hill, with his horse and carriage, at a quick trot
on the *right side* of the road, which was the *north* side ; and the
defendant was *ascending* the hill upon a trot also, on the same
*north* side of the road. He was thus driving on that side for the
purpose of turning up to the house of *Mr. Currier ;* but both
horses and carriages met in the hollow or gutter on that side, and
there the mortal wound was given to the plaintiff's horse. There
is no proof before us that the plaintiff knew, or had the means of
knowing that the defendant was going to stop at the house of
*Currier,* or why he was driving on the wrong side of the road.
The plaintiff turned his horse as far as he could conveniently to
the right, apparently to avoid the danger of meeting ; but was
unable to avoid it. There is some contradiction in the testimony
as to the manner of driving, whether fast or slow ; and also as to
the *direction* in which the defendant's horse was going when the
shaft of his carriage entered the breast of the plaintiff's horse.
There was some proof that the defendant was in the act of turn-
ing up to *Currier's* when the disaster happened ; yet it is clearly
proved that both carriages were in the hollow or gutter. On these
facts and disagreements the jury have formed and expressed their
opinion. It is true, there was proof that the plaintiff, on one or
more occasions, said the defendant was not in fault, but that he
was in fault himself, as he looked back to see a person who had
passed ; but as he was then lawfully passing on the right side of
the road, he might well suppose that the defendant would do *his*
duty by turning to the right in due season to prevent injury. Be-
sides, his opinion of the legal rights and duties of the parties can-
not alter the principles by which our decision must be governed.
The jury have weighed the testimony, and by their verdict in-

formed us on whose testimony they placed the most reliance.    In
these circumstances we are satisfied that a new trial ought not to
be granted.

                                        *Judgment on the verdict.*

