## JOHN MOLIN v. JOHN M. WARK.[1]

January 13, 1911.

Nos. 16,782—(173).

**Driver's violation of statute in turning into street.**

A driver of a motor vehicle, who negligently, because of excessive speed or not having his machine under control, fails to keep to the right of the intersection of a public street, when turning to the right, but crosses to the left instead, and collides with another vehicle lawfully upon that side of the street, whose driver is free from negligence, is responsible for the consequent damages. Sections 14, 16, c. 259, Laws 1909.

**Evidence.**

The evidence justified the jury in finding that appellant violated this law in not having his automobile under control, and that he negligently crossed over to the left side of the intersecting street, and collided with respondent's son, who was riding a motorcycle, lawfully upon that side of the street, and free from negligence.

**Rulings of court.**

No errors in the rulings or charge.

Action in the district court for Ramsey county to recover $5,000 for personal injuries to plaintiff's minor son, caused by the defendant negligently driving his automobile at an excessive and unlawful rate of speed and upon the wrong side of Rice street, St. Paul, to wit: the left hand side of the street. The answer admitted the collision with plaintiff's son, but denied the other allegations of the complaint, and alleged the contributory negligence of the son. The reply was a general denial.

The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $4,662.50. Defendant's motion for a new trial was denied on condition that plaintiff accept a reduc-

[1]Reported in 129 N. W. 383.

[Note]   The law governing automobiles, see note in 1 L.R.A.(N.S.) 215; and note in 25 L.R.A.(N.S.) 40.

tion of the verdict to $4,000. From the order denying the new trial on this condition, which was accepted by plaintiff, defendant appealed. Affirmed.

*Harris Richardson* and *Harold C. Kerr,* for appellant.

*Briggs, Thygeson, Loomis & Everall,* for respondent.

LEWIS, J.

This action is based upon the charge that respondent's son, Alfred Molin, while riding a motorcycle on Rice street, in the city of St. Paul, was negligently and unlawfully run into by appellant's automobile.

Young Molin testified that he and his companion, Jorgenson, were riding south on the right-hand side of Rice street at a speed of four or five miles an hour, and when nearing Central avenue they saw an automobile coming from the east on Central avenue; that it turned rapidly into Rice street, and ran in a diagonal direction across to the west side; and that he (Molin) thereupon turned toward the curb, for the purpose of passing to the right of the automobile, when the collision occurred. He said: "As soon as I noticed the automobile coming, I threw off my power and applied my brakes. With that it was too late. * * * It was almost a second's work. It wasn't very long. I applied my brakes, and it happened. It was all over. * * *"

Jorgenson, who was also riding a motorcycle, testified that they rode down the west side of Rice street at the rate of six or seven miles an hour, and said: "When we just were going to make the turn, the automobile came around. We didn't have time to think. All we did was to see something come around the corner and then smash. * * * It wasn't hardly more than two seconds or so. All we did was see it, and that was all. We saw it, and then I didn't know where we was." This witness claimed that the automobile was running from twenty-five to thirty miles an hour when it came around the corner from Central avenue.

Both Molin and Jorgenson testified that they were within five or six feet from the west curb, and just before seeing the automobile come around the corner they had swung a little closer to the curb,

for the purpose of being in position to make the turn into Central avenue to go east. Jorgenson was thrown from his motorcycle, but did not get under the automobile.

All of the witnesses agreed that the collision occurred at a point about forty feet north of Central avenue, in front of Kamp's confectionery store, on the west side of Rice street, and that the automobile had practically come to a stop, with the left wheels close to the curb, when the impact occurred. Molin was found under the automobile, lying with his head towards the curb and his feet extending a little beyond and just behind the right front wheel. The machine had to be lifted to get him out, and he was unconscious, his left leg broken in two places, and he was otherwise severely bruised and injured.

Appellant testified that he came from the east on Central avenue, and turned to the right to go north on Rice street; that he was not running more than four or five miles an hour at the time he reached the center of Rice street; that he had his machine under perfect control, and did not turn to the right side of Rice street, for the reason that he saw the two young men on their motorcycles coming down rapidly, a little east of the center of Rice street, apparently with their heads down and not seeing the automobile; and in order to avoid a collision with them he turned his machine to the west side of Rice street, and that after doing so the young men changed their course toward the automobile, and, just before the collision, Molin, who was in advance of Jorgenson, fell from his machine and slid, head foremost, with his motorcycle, under the automobile.

The witness Meyerding testified for respondent as follows: "I seen the automobile come around the corner there. It was going at a good rate of speed, and I don't know just what the rate of speed was, but it was coming quite fast, and it couldn't stay on the right side, and the boys there, Molin and Jorgenson, were coming down there on the west side of the street, and it didn't look to me as though they were coming very fast, and they were about three feet from the curb, so when they seen this here auto they hugged the curb as close as they could, and they didn't have any place at all. They were right up against the curb."

And again: "Well, I noticed that it was going quite fast, and it didn't seem to be able to make the turn there, and I was expecting the automobile to hit the post there, the telephone post, and I said to the boy that was with me that there would be an accident, and I no more than said that than we seen this Jorgenson and Molin come down the street, and right by the post there they collided with the automobile and the motorcycles."

When asked the reason why the automobile turned to the west side of the street, he said: "Well, it was going so fast that he couldn't make the turn on the right side, so she had to go to the west side."

Another witness, Emma Berger, testified that she was standing on the porch of her house, two doors north from Kamp's store, on Rice street, and says that when she first saw the boys she noticed them coming down on the west side of Rice street, running six or seven miles an hour. In estimating the speed at which they were running, she made the comparison that she could run as fast as they were going, and that they were about six feet from the curb.

The impact was heard by several persons in the vicinity; the noise was not like the bursting of a tire, but was the concussion of the motorcycle with the automobile, or the noise made by the machines in the effort of the drivers to control them, or perhaps both. One witness stated that he heard it while inside of a building on the opposite side of the street. The fact that young Molin was found lying on the ground at right angles with the automobile, with his feet sticking out just behind the front right wheel, affords some slight indication that he may have fallen from his wheel and slid through the triangular opening between the guard and the wheel. According to the evidence the space between the step on the right hand side and the ground did not exceed ten inches. If he slid through the space between the step and front wheel, where the guard curves over the front wheel, the automobile must have been standing still at that time. But, even if this did happen, it is inconceivable how his machine passed through at that point.

There was some testimony on the part of appellant, and other witnesses for the defense, that there was a dent in the upper part of

113 M.—13.

the guard over the right front wheel, and that the machine did not move forward more than three feet after the collision. If Molin's motorcycle slid under the guard, it could not have been the cause of the dent; and, besides, if the auto moved three feet after the collision, would Molin have been found close to the front wheel, if he passed under at that point? In all probability, both parties were driving much faster than the lowest estimates, and it was for the jury to decide how the accident occurred, and who was to blame.

The trial court correctly submitted the issue to the jury, and instructed them that if they should find that appellant was not in the exercise of reasonable care to avoid the collision in driving his automobile to the west side of the street, and Molin was not guilty of contributory negligence in endeavoring to avoid a collision by remaining upon the west side of the street, then appellant would be liable. Sections 14 and 16, c. 259, pp. 309, 310, Laws 1909, were enacted to avoid just such incidents as occurred on this occasion. Section 14 provides that persons walking or driving, or operating a vehicle, who are moving in opposite directions, shall slacken their pace, if necessary, and seasonably turn to the right, so as to give half of the traveled road, if practicable, and a fair and equal opportunity to pass, to the other; and "any such person shall, at the intersection of public highways, keep to the right of the intersection of the centers of such highways when turning to the right and pass to the right of such intersection when turning to the left. * * * All vehicles, however, must keep to the right of the center of the street." Section 16 provides that upon approaching a dam, bridge, sharp curve, or descent, and upon approaching a crossing or intersecting highway, or in passing from a side street into a main thoroughfare, where persons or vehicles are not plainly discernible, a person operating a motor vehicle shall have such vehicle under perfect control, and the rate of speed shall not exceed one mile in eight minutes.

It was plainly the duty of appellant, in turning the corner from Central avenue into Rice street, to have his automobile under complete control, and to turn into Rice street on the right-hand side; and if the evidence warranted the jury in finding that appellant ran

his car to the west side of the street, for the reason that he did not have it under control because of the high rate of speed at which he was running, or because of failure to exercise reasonable care with reference to parties traveling upon the west side of the street, then he was liable.

The court properly charged the jury that if Molin's motorcycle was struck by or came into collision with Jorgenson's motorcycle, thus causing the accident, then respondent could not recover, provided that if appellant was negligent in passing to the west side of the street, and that Molin and his companion were compelled to act hurriedly to avoid a collision with the automobile, and in doing so Jorgenson collided with Molin, thereby causing the latter to be thrown against or under the automobile, respondent would still be entitled to recover, if the accident would not have happened except for appellant's own negligence.

We have examined the several assignments of error argued in the brief, and discover nothing which calls for a reversal.

One assignment is directed to the remarks of respondent's counsel to the jury, as follows: "During the lifetime of a man who is twenty years old, handicapped as he is by that wound, injured as he is in the collar bone, some substantial and material allowance should be made. You can figure that out as well as I can; but it should be, in my judgment, something substantial and material to cover a period of some sixty years that is left to him, if he lives out the time that the tables of mortality allot to him." Counsel for appellant objected, and took exceptions to the remarks as to what the tables of mortality show as to the length of life, there being nothing of that kind in the case, whereupon respondent's counsel replied: "It is true the mortality tables are not in evidence. Whatever it is, for all the rest of his life he will have this crippled leg." The court remarked: "Well, you may take that back." As qualified by the counsel and the court, the jury could not have been prejudiced, and the size of the verdict does not indicate it.

We have examined each of the assignments directed to the charge of the court, and find no one of them well taken. The rules of law were carefully stated and the issues fully presented. The evidence

was sufficient to sustain the verdict, as reduced, and there was no error in cutting the verdict down from $4,662.50 to $4,000.

Affirmed.

JAGGARD and SIMPSON, JJ., took no part.