CHARLES H. SMITH, PLAINTIFF IN ERROR, v. ARTHUR
W. BARNARD, DEFENDANT IN ERROR.

Submitted July 12, 1910—Decided November 20, 1911.

The law of the road relating to the passing by one vehicle of another
    one ahead and moving in the same direction, does not relieve
    the driver of the former from the duty resting on him of using
    reasonable care to observe and avoid other vehicles, including
    those going in the opposite direction.

On error to the Bergen Circuit Court.

For the plaintiff in error, *Mackay & Mackay*.

For the defendant in error, *Doremus & Lecour*.

The opinion of the court was delivered by

PARKER, J. The suit arose out of a collision between a carriage driven by plaintiff and an automobile driven by defendant, upon a public highway called Ridgewood avenue, at Ridgewood, in the county of Bergen. The declaration contains two counts. The first count charges for negligence that defendant did so carelessly run and operate the automobile along the highway named, and on the wrong side thereof, as to collide with the wagon in question. The second count ascribes the collision to defendant's alleged careless and negligent failure to keep a proper lookout and to have his automobile under proper control. The trial judge directed a nonsuit and the principal assignment of error is based upon an exception to that ruling.

The circumstances of the accident, as the jury might have found them, are substantially these:

The plaintiff was driving a runabout, and had just met a friend named Lamb, who had arrived on a train at the railroad station at Ridgewood. His sister, Bridget, arrived on the same train, and all three got into the runabout, sitting on

one seat, plaintiff being in the middle. They started to drive from the railroad station, first southward, parallel with the track, to Ridgewood avenue; then southeasterly across Ridgewood avenue, which is about forty-five feet wide, to the southerly side of the same; then easterly along Ridgewood avenue to Smith's home. The speed of the runabout was about a mile in ten minutes. As the runabout was straightening out toward the eastward, on the southerly side of Ridgewood avenue, it was stopped temporarily by another wagon standing at the curb ahead. All this time a peddler's wagon had been approaching from the eastward at a moderate rate of speed, and as Smith's wagon was held up, the peddler's wagon passed on Smith's left, and the defendant, who had been coming up behind the peddler's wagon in a westerly direction in his automobile, cut out behind the peddler's wagon to his own left, apparently without seeing the Smith runabout, and collided with the left fore wheel of the said runabout, throwing Miss Smith out on her head, and inflicting injuries from which she died, and injuring the plaintiff, besides damaging his wagon.

The trial judge was asked to nonsuit on the ground that no negligence of the defendant had been shown, and also on the ground of contributory negligence. He declined to nonsuit on the second ground, but did nonsuit on the first, holding that "it had not been shown that the defendant failed to do anything that a reasonable and prudent man should do by means of which the accident resulted."

The declaration is a little vague. It charges in the first count that the defendant did so carelessly and negligently run and operate said automobile along the said highway, and on the wrong side thereof, that as a direct and proximate cause of such carelessness and negligence, the accident resulted. This may be read as charging general carelessness in operation, or carelessness in running on the wrong side, or both. But whatever may be intended, the second count charges distinctly a failure to keep a proper lookout and to have the machine under proper control; and we are clearly of opinion that a case for the jury was made out under this count. It is strenuously argued, and this argument seems to have carried great

weight in the mind of the trial judge, that the rule of the road absolutely required defendant in passing the covered wagon ahead of him, to do so on the left, irrespective of the position of that wagon in the road. Such a rule is intimated in the opinion in *State* v. *Unwin,* 46 *Vroom* 500, 501, as resulting from the language of the Road act, section 91 (*Gen. Stat., p.* 2823), re-enacted as to automobiles in *Pamph. L.* 1906, *p.* 177, § 22, although this rule of the road was in no way involved in the decision of that case. Taking this view of the statute, the trial judge ruled out testimony that the peddler's wagon was to the left, or south, of the middle of the road, and that there was a clear space to the right, or north of it, of some twenty-five feet. This ruling was excepted to and is assigned for error; and is worthy of discussion at this point. Assuming the rule as stated in the Unwin case, still the testimony was relevant and competent, because if the defendant was under a legal duty of passing the peddler's wagon on the left, he was under a similar duty of passing vehicles going in the opposite direction to the right, and a jury may well have found that he ought to have waited until the peddler's wagon had drawn over to the right and given him space to pass or a chance to see what was ahead of that wagon, instead of taking the left side of the road before he could see whether anything was approaching it from the opposite direction and with increased chance of collision on account of the restricted space.

Returning to the nonsuit, the situation was this: Plaintiff's wagon on the right of the road going east, compelled to turn out slightly to the left by a wagon standing at the south curb, and in the act of passing the peddler's wagon, which was going west and about in the middle of the road; defendant's automobile directly behind the peddler's wagon, which obstructed defendant's view. From this and from the fact as the jury might have found, that the automobile turned rather sharply to the left, struck the left fore wheel of plaintiff's wagon at an angle, as testified, and with enough force to throw all three occupants out of it and kill one of them, it was entirely open to the jury to infer that defendant had "failed to keep a proper lookout and have his automobile under proper

control;" and that if he had done either, the accident would not have resulted. As has been said, if the defendant's duty was to pass the peddler's wagon on the left, he was not entitled to do so entirely at the risk of other vehicles with rights equal to his own and which, coming from the opposite direction, had primarily at least as much right as he to utilize the space to the south of the peddler's wagon. As to such vehicles a duty of reasonable care rested upon him to discover and avoid them; and whether he exercised such care under the circumstances was a question for the jury.

The defendant in error argues that the nonsuit was justifiable on the ground of plaintiff's contributory negligence. The alleged negligence on which the motion was rested was in "permitting to be placed, or placing the occupants of the seat of the wagon he was riding upon, so that his vision was obscured or his movements impeded." We fail to see anything in the situation that either obscured his vision or impeded his movements. All three were on one seat, plaintiff in the middle. If there was any question of negligence involved in this, it was pre-eminently for the jury. Nor do we find anything else in the case that would have justified the judge in dealing with contributory negligence as a court question.

Another error in the exclusion of evidence should be noted. A witness for plaintiff testified to having had a conversation with the defendant the day after the accident; but after objection was not allowed to state what defendant said about the accident. Of course, anything that defendant said was competent for plaintiff to bring out as an admission on his part, and it was clear error to exclude it.

The judgment will be reversed to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Bogert, Vredenburgh, Vroom, Congdon, JJ. 12.