[No. 11566. *En Banc.* October 8, 1914.]

C. B. LLOYD, *Respondent*, v. A. P. CALHOUN, *Appellant*.[1]

HIGHWAYS—ACTION FOR DAMAGES—COLLISION—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—VIOLATING LAW OF ROAD. In an action for damages resulting from an automobile collision, the plaintiff is guilty of negligence *per se* precluding any recovery for the injury sustained, where it appears that plaintiff, on the right-hand side of the road, observed defendant's machine coming towards him upon a smooth prairie, at a rate of forty miles an hour, in the center of the road, and which kept turning to the left, until defendant's machine was sixty or seventy-five feet from him, when plaintiff suddenly turned to the left under the belief that otherwise defendant would run him down, but that defendant immediately turned his machine to the right and the collision occurred, plaintiff's excuse for not turning to the right upon the open prairie being on account of telegraph poles, which the evidence showed were one hundred and twenty-six feet apart, and that the distance between plaintiff and the nearest pole, at the time he turned to the left, was not less than seventy-six feet; since it was the duty of both parties to keep to the right to avoid a collision, and plaintiff's violation of the law of the road was negligence *per se*, and the proximate cause of the accident (overruling Id., 78 Wash. 438, 139 Pac. 231).

FULLERTON, MOUNT, and PARKER, JJ., dissent.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered June 30, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Will H. Thompson, Hayden & Langhorne*, and *F. D. Metzger*, for appellant.

*Leo & Flaskett*, for respondent.

[1]Reported in 143 Pac. 458.

## ON REHEARING.

MAIN, J.—The report of the majority department opinion in this case, as well as the dissent thereto, may be found in 78 Wash. 438, 139 Pac. 231. A rehearing was granted and the cause was reargued. A majority of the court are of the opinion that the action must be dismissed. Since the reasons why the action cannot be maintained are sufficiently stated in the dissenting opinion above referred to, there seems no reason for further elaboration. It is sufficient to say that we concur in the views therein expressed, and for the reasons there given, the judgment will be reversed and the cause remanded with direction to dismiss.

CROW, C. J., GOSE, CHADWICK, ELLIS, and MORRIS, JJ., concur.

FULLERTON, MOUNT, and PARKER, JJ. (dissenting)—We are unable to conclude that the department decision here overruled is erroneous, and for that reason dissent from the judgment directed to be entered.