## RICHARD H. TERRILL v. VIRGINIA BREWING COMPANY.[1]

June 11, 1915.

Nos. 19,300—(206).

**Law of the road — violation of statute — sled.**

Plaintiff's intestate, a boy of 12 years, was killed while coasting down

[1] Reported in 153 N. W. 136.

---

Note.—As to injury to one while coasting in the street, see note in 42 L.R.A. (N.S.) 865.

As to rules of the road governing vehicles proceeding in opposite directions see note in 41 L.R.A. (N.S.) 322.

hill on a street in the city of Eveleth, by his sled coming in collision with a sleigh of defendant which was coming up the hill on the left hand side of the street. It is *held:*

(1) That Laws 1911, c. 365, § 15, providing among other things that "all vehicles * * * must keep to the right of the center of the street" applies to the case, and that, under the circumstances, the violation of this law by defendant was at least evidence of negligence, and justified a finding thereof.

(2) It does not appear from the evidence that plaintiff's intestate was guilty of negligence as 'a matter of law.

(3) A sled is not a "motor vehicle," as that term is used in the statute referred to.

Action in the district court for St. Louis county by Richard H. Terrill, as administrator of the estate of Russell Terrill, deceased, to recover $5,000 for the death of his intestate. The case was tried before Hughes, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $2,000. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $1,500. From an order denying its motion for judgment notwithstanding the verdict and granting a new trial on the condition named, defendant appealed. Affirmed.

*Austin & Austin,* for appellant.

*Andrew Nelson* and *George B. Sjoselius,* for respondent.

BUNN, J.

In the forenoon of December 31, 1912, Russell Terrill, age 12, and ten or twelve other boys, were coasting down hill on a street in the city of Eveleth. This street led from the business portion of the city up a hill to a suburb known as the Adams' Location. The boys were "hitching bobs," the operation being thus described by one of them: "One would lay down on his stomach on his sled and put his feet on the other sled, back of the rope on the other sled, and the other boy put his feet against them. One of them lay down and the other sits up, and they put their feet together in the back of the rope, and go on." Russell and another boy were sliding down the hill in this fash-

ion, Russell on the rear sled. The hill was quite steep, and the sledding good. The boys were going at a good clip, but not so fast that the sleds could not be steered properly. They followed the right hand side of the street. About half way down the street curved to the right; as the sleds approached this curve, the boys saw through the fence a sleigh coming up the hill on the same side of the street about 10 feet in front of them, and blocking their path; the sleigh was defendant's; its driver, when he saw the boys in front of him, turned his horses to the right, which movement effectively prevented plaintiff and his companion from avoiding a collision by turning to the left; they could not stop, and attempted to pass between the rear end of the sleigh and the fence on the right, but this space was quite narrow, and near the fence there was a ditch filled with rocks, which prevented the boys from going close to the fence. The boy on the front sled managed to turn to the right and stop in the loose snow, but Russell's sled went on for a few feet and struck the bolster of the rear runner of defendant's sleigh. Russell subsequently died from the injuries he received.

This action was brought by the father before his son's death to recover on his behalf for the injuries sustained. After Russell died, the father was appointed administrator, and the action transformed into one to recover for his alleged wrongful death. The trial resulted in a verdict for plaintiff in the sum of $2,000. A blended motion for judgment *non obstante* or for a new trial was denied, except that a new trial was granted, unless plaintiff should consent to a reduction of the verdict to $1,500. Plaintiff so consented, and defendant appealed from the order denying its motion.

The first contention of defendant is that the court erred in submitting the case to the jury, on the theory that the failure of defendant to keep to the right of the center of the street justified a finding of negligence. The claim is that Laws 1911, p. 498, c. 365, § 15, does not apply to the facts in this case. The law was in force at the time of the accident. It provides "road rules" for the meeting of persons riding or driving a horse or operating a motor vehicle on a public highway, and has the following language at the end of the section:

"All vehicles, however, must keep to the right of the center of the street."

It is urged that this law applies only to streets in the very restricted sense of paved and curbed ways in a city or village, while the street in question was not paved or curbed, and not "platted." We find no merit in this argument. The law applies generally to all streets within cities or villages. This street is within the limits of the city, is largely traveled, and forms the only way leading from the main part of the city to the Adams' Location on the hill, where many people have their homes; is lined on both sides with houses, and has a sidewalk for part of the way; its traveled portion was 26 feet wide at the place of the accident, and varied elsewhere from 19 to 30 feet in width. It was well packed down and smooth for its entire length and width. The point that there is no means of determining with precision where the center of the street was has no force in determining the applicability of the statute, though it might have weight were there any question here as to what side of the center defendant's team was on. We think it is plain that the statute applied to this street, and that defendant's violation of it was at least evidence of negligence. No reason appears for the driver being on the left side of the street; there were no obstructions to his taking the other side, and he knew that the boys used the hill for coasting. The trial court correctly submitted this question to the jury, and we cannot disturb their finding.

It is claimed that the boy Russell was guilty of contributory negligence as a matter of law. We cannot so hold. This issue was properly submitted to the jury. That there was some danger attendant upon the sport there can be no doubt. But the boys had never before met a team which was on the wrong side of the road, and had frequently met this same driver on the right side. There was ample room if the law was obeyed.

Defendant argues that the boys violated the statute in approaching a curve where the view was obstructed at a speed in excess of six miles an hour. It is sufficient to say that this is the first time we have heard a boy's sled called a motor vehicle. The contention is wholly untenable.

Order affirmed.