(March 30, 1920.)

CUPPLES MERCANTILE COMPANY, a Corporation, Respondent, v. R. L. BOW, ED HERTH, C. D. CARLISLE and RUSSELL CRANE, Appellants.

[189 Pac. 48.]

APPEAL AND ERROR—EVIDENCE—LAW OF THE ROAD—DAMAGES—VIOLATION OF LAW AS A BAR TO RECOVERY.

1. When there is substantial evidence to sustain a verdict, it will not be disturbed on appeal because of conflict.

2. A traveler may occupy and use any part of the public highway he desires when not needed by another whose rights thereto are superior to his own.

3. When he meets another traveler, he must turn to the right, if practicable, and give the other an opportunity to pass by turning to his right.

4. If it is impracticable to turn to the right, he may hold his position, but he is not justified in turning to the left, and if he does so he thereby violates the law.

5. Recovery, for damages sustained, cannot be had by one whose violation of the law was the proximate cause of his injury.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for damages. Judgment for plaintiff. Appeal from order denying new trial. *Reversed.*

G. W. Lamson, for Appellants.

The authorities do not agree upon the question of whether or not turning a vehicle to the left in violation of the law of the road is negligence *per se,* but the weight of authority is to that effect under the facts in this case. (*Lloyd v. Calhoun,* 82 Wash. 35, 143 Pac. 458.)

The presumption is against the person on the wrong side of the road. (Huddy on Automobiles, sec. 77; Cooley on Torts, p. 666; *Daniels v. Clegg,* 28 Mich. 32; *Brooks v. Hart,* 14 N. H. 307; *Perlstein v. American Express Co.,* 177 Mass. 530, 59 N. E. 194, 52 L. R. A. 959.)

Driver on wrong side is *prima facie* negligent. (Huddy on Automobiles, sec. 77; *Steele v. Burkhardt,* 104 Mass. 59, 6 Am. Rep. 191.)

The mere proof of negligence does not entitle a party to recover, but he must show that the negligence was the proximate cause of the injury. (*Paul v. Atlantic Coast Line R. Co.,* 170 N. C. 230, 87 S. E. 66, L. R. A. 1916B, 1079; *Brooks v. Hart,* 14 N. H. 307; *Wheeler v. Wall,* 157 Mo. App. 38, 137 S. W. 63.)

W. A. Stone, for Respondent, cites no authorities on points decided.

MORGAN, C. J.—While traveling at night in an automobile along a public highway in a westerly direction appellants collided with an automobile belonging to respondent, in charge of one of its officers, traveling in an easterly direction. The middle portion of the highway, a space about 16 feet wide, was paved and there was a graveled strip from two to four feet wide on each side of the pavement.

Appellants testified they were traveling along the extreme northerly border (their right-hand side) of the paved portion and that respondent's car was somewhat north of the middle of it; that as the cars approached each other respondent's driver turned sharply to his left and caused the collision.

The occupants of respondent's car testified both automobiles traveled along the extreme south edge of the pavement, and so continued to approach one another until it became apparent a collision would result unless their driver turned sharply to his left, which he did; that thereupon the driver of appellants' car turned sharply to his right and the collision resulted; also that there was a ditch to their right which rendered it unsafe to attempt to pass on that side.

There is testimony, which is contradicted, tending to show the driver of the car in which appellants were riding was intoxicated. These conflicts were undoubtedly resolved by the jury in favor of respondent, and, following the well-established rule that where there is substantial evidence to sustain a verdict it will not be disturbed on appeal because of conflict (*Hardy v. Ward,* 31 Ida. 1, 168 Pac. 1075; *Brown v. Hardin,* 31 Ida. 112, 169 Pac. 293), we will proceed upon the theory that the testimony given on behalf of respondent is true and that given on behalf of appellants, contradictory thereof, is untrue.

Respondent sued for damages to its automobile. Appellant, Herth, answered and after denying the material allegations of the complaint alleged, by way of cross-complaint, that he was the owner and driver of the automobile occupied

by appellants and that appellants, other than himself, had employed him to transport them from Nampa to Boise and return, which he was doing at the time of the collision.   He asked for judgment against respondent for damage to his automobile.   Appellants, other than Herth, answered putting the material allegations of the complaint in issue and denying liability on their part.   Judgment was in favor of plaintiff against all the defendants, and this appeal is from an order overruling a motion for a new trial.

"The law of the road" as it was when this collision occurred is to be found in C. L., sec. 63:27, p. 395, as follows: "Whenever a person operating a motor vehicle shall meet on the public highway any other person riding or driving a horse or horses, or other draft animals or any other vehicle, the person so operating such motor vehicle shall reasonably turn the same to the right so as to give half of the traveled road, if practicable, and a fair and equal opportunity to pass, to the other, without interference; . . . . "

The theory of "the law of the road" upon which this case was tried is shown by the instruction given to the jury as follows: "If the jury believe from the evidence that just before the collision between the automobile of plaintiff and the automobile in which the defendants were riding, the said automobile of plaintiff was being driven on the right-hand side or south of the center of the public highway, and that the automobile containing the defendants was proceeding in an opposite direction and on the same side of such public highway, and if you further believe from the evidence that the driver of the car of plaintiff as an ordinarily prudent and careful person, had reasonable cause to believe, from appearances and under all the circumstances shown by the evidence, that plaintiff's car was about to collide with the approaching car carrying the defendants, the driver of plaintiff's car had the right to turn to the left in order to avoid a collision, and, in so doing, the driver of plaintiff's car would not be guilty of negligence, providing you find there was no reasonably safe place for the driver of plaintiff's car to turn out to the right. If there was a reasonably safe place for the driver of plain-

tiff's car to turn to the right, it was his duty so to do, and in that event his turning to the left would be negligence, and plaintiff could not recover."

The collision occurred on the extreme north side of the road, respondent's car being north of that of appellants and entirely off the pavement, in such position as to demolish the right .front wheel of each of them. While some of the witnesses testified to conclusions to the contrary, it is entirely clear from the admitted physical facts in the case that had respondent's driver continued eastward on the south side of the road the car in which appellants were riding would have passed to his left; that the apparent danger in so doing was not real, and that the attempt of respondent's driver to pass to the left of appellant's car, instead of to the right, was the proximate cause of the collision.

A traveler may occupy and use any part of the road he desires when not needed by another whose rights are superior to his own. When he meets another traveler the statute above quoted requires him to turn to the right, if practicable, and to give the other an opportunity to pass, in obedience to the law, by turning to *his* right. If he is so near the right-hand side of the road as to make it impracticable to turn to the right, he is not required to do so; he may hold his position. Nothing in the statute will justify him in turning to the left. If he does so he thereby violates its plain provisions.

The decisions are not uniform on the question here presented. A number of courts adhere to the theory that although a traveler was injured as a direct result of his violation of "the law of the road" if, in violating it, he acted as an ordinarily prudent and careful person would have done under the circumstances, he is not thereby precluded from recovering. (*Riepe v. Elting,* 89 Iowa, 82, 48 Am. St. 356, 56 N. W. 285, 26 L. R. A. 769; *Hubbard v. Bartholomew,* 163 Iowa, 58, 144 N. W. 13, 49 L. R. A., N. S., 443; *Molin v. Wark,* 113 Minn. 190, 129 N. W. 383, 41 L. R. A., N. S., 346; *McFern v. Gardner,* 121 Mo. App. 1, 97 S. W. 972.)

On the other hand, much authority may be found supporting the doctrine that recovery for damages sustained cannot

be had by one whose violation of the law was the proximate cause of his injury. (*Lloyd v. Calhoun,* 82 Wash. 35, 143 Pac. 458; *Broschart* v. *Tuttle,* 59 Conn. 1, 21 Atl. 925, 11 L. R. A. 33; *Winter v. Harris,* 23 R. I. 47, 49 Atl. 398, 54 L. R. A. 643; *Angell v. Lewis,* 20 R. I. 391, 78 Am. St. 881, 39 Atl. 521; *Newcomb v. Boston Protective Department,* 146 Mass. 596, 4 Am. St. 354, 16 N. E. 555; *Brooks v. Hart,* 14 N. H. 307; *Palmer v. Barker,* 11 Me. 338; *Brooks v. Thomas,* 17 Phila. 45; *Earing v. Lansingh,* 7 Wend. (N. Y.) 185.)

The statute here under consideration was enacted as a rule to govern our conduct while using the public highways. Such rule is an exercise of the police power and peculiarly within the province of the legislature. The purpose was to avoid the congestion, confusion, delay and disaster which would inevitably result from permitting each traveler to use his own judgment as to what part of the highway he should occupy and what part he should accord to others.

When a court, in view of the legislation on this subject, says a traveler on the public highway may, on meeting another, turn to the left instead of to the right, if, in so doing, he acts as an ordinarily prudent and careful person would have acted under the circumstances, it invades the province of the legislature, amends the statute and defeats its purpose. Should we adopt that rule, we must assume that an ordinarily prudent and careful person would violate the law, which he would not, and we must also, without going one step further into the realm of the ridiculous, hold that if he does not so violate it he will, under such circumstances, be guilty of negligence and may be liable for damages proximately resulting from his failure to do so.

We express no opinion as to the right of appellant, Herth, to recover for the damage mentioned in his cross-complaint.

The order appealed from is reversed. Costs are awarded to appellants.

Rice, J., concurs.

BUDGE, J., Dissenting.—I am not in accord with the statement in the majority opinion "that as the cars approached each other respondent's driver turned sharply to his left *and caused the collision.*" The jury found as a fact that the collision was caused by the appellants. The facts as testified to by respondent were that they were on the extreme right-hand side of the road, that the appellants were on their extreme left-hand side of the road coming directly towards respondent's car, that there was a ditch upon the right-hand side of the road that made it extremely dangerous if not impossible to turn farther to the right, and that in order to avoid the collision the driver of respondent's car turned to the left-hand side of the road and was approximately two-thirds across the road when the collision occurred.

C. L., sec. 63: 27, p. 395, provides: "Whenever a person operating a motor vehicle shall meet on the public highway any other person riding or driving a horse or horses . . . . or any other vehicle, the person so operating such motor vehicle shall *reasonably* turn the same to the right so as to give half of the traveled road, if practicable, and a fair and equal opportunity to pass, to the other, without interference; . . . . "

"Reasonably turn . . . . to the right" means the same as "seasonably turn to the right," or that each approaching car shall turn to the right in such season that neither shall be retarded in its progress by reason of the other occupying his half of the way which the law has assigned to his use, when he may have occasion to use it in passing, and it is the duty of each without delay to allow such half to the other. (13 R. C. L., p. 274; *Neal v. Rendall,* 98 Me. 69, 56 Atl. 209, 63 L. R. A. 668; *Bragdon v. Kellogg* (Me.), 105 Atl. 433.)

It was the duty of appellants reasonably to turn to the right. Whether or not they did so was a question of fact for the jury, and the jury found that it was practicable and that they did not seasonably turn to the right. Therefore, they failed to comply with the provisions of the statute in this respect, and their negligence is fully established, and

the presumption arises that appellants' negligence was the proximate cause of the injury.

In my opinion there is no justification for the statement in the majority opinion that had respondent's driver continued eastward on the south side of the road the collision would have been avoided. A recent Canadian case is so precisely in point upon this question that I quote from it as follows:

"It is mathematically demonstrable that, all other conditions and processes being the same as they were—save and except the plaintiff's swift turn to the north in the hope of avoiding collision with the defendant—the plaintiff's car would have proceeded in safety on its course along Parade St. westwardly.

"But the defendant claims that the course pursued by the plaintiff's car not only contributed to the result but was the efficient cause of the accident. He is no doubt right in saying that if the plaintiff's car had continued on its course instead of swinging to the northward, the accident would not have happened. But it is easy to be wise after the event. If the plaintiff's chauffeur had known that the defendant, who came out of Willow St. on the wrong side of the road, meant to immediately cross over to the proper side of Parade St., it is certain that he would have held to his original course. But it is equally certain that he had no such knowledge. He saw the defendant's car ahead of him on the wrong side of the road. He had no time for deliberation. He had reason to fear a collision, and the instinct of self-preservation, we may feel well assured, prompted him to take the course which at the moment seemed to him most likely to save his own life and that of his passengers." (*Bain v. Fuller*, 29 D. L. R. 113, 115.)

The proximate cause of the collision was the failure of appellants, it being practicable, reasonably to turn to the right.

Conceding that the danger was not real, but apparent, still, if respondent's driver acted as a reasonably prudent man

would have acted under like circumstances, believing the apparent danger to be real, clearly he would not be negligent and his act could not be the proximate cause of the collision. (*Bragdon v. Kellogg* (Me.), 105 Atl. 433–437; *Bain v. Fuller, supra; Herdman v. Zwart,* 167 Iowa, 500, 149 N. W. 631; *Cooke v. Jerome,* 172 N. C. 626, 90 S. E. 767; Huddy on Automobiles, 5th ed., secs. 267–275.)

I find it necessary to dissent from the rule announced in the majority opinion, wherein it is held that a traveler on the public highway may not, on meeting another, turn to the left instead of the right, even if in so doing he acts as an ordinarily prudent and careful person would have acted under the circumstances, attempting to avoid an imminent collision, and that nothing in the statute will justify him in turning to the left, for the reason that a contrary holding would invade the province of the legislature, amend the statute, and defeat its purpose. I know of no decision which goes to the extent of so holding. None of the cases cited in the majority opinion goes to that extent.

The case of *Lloyd v. Calhoun,* 82 Wash. 35, 143 Pac. 458, does not so hold, for in that case the facts showed that respondent could easily have turned to the right, obeying the law of the road, and have avoided the collision. If any doubt exists as to the extent of the rule intended to be laid down in the latter case from an examination of the entire opinion, which I do not think is a fact, it is set at rest by a later decision of the same court, in *Johnson v. Heitman,* 88 Wash. 595, 153 Pac. 331. In that case the court said:

"This court is definitely committed to the rule that 'a thing which is done in violation of positive law is in itself negligence,' *in the absence of pleading and proof of such peculiar facts as would tend to justify the violation.* (*Engelker v. Seattle Electric Co.,* 50 Wash. 196, 96 Pac. 1039; *Wilson v. Puget Sound Electric Ry.,* 52 Wash. 522, 132 Am. St. 1044, 101 Pac. 50; *Hillebrant v. Manz,* 71 Wash. 250, 128 Pac. 892; *Anderson v. Kinnear,* 80 Wash. 638, 141 Pac. 1151.)

"In consonance with that rule this court, in common with others, has repeatedly held that, *in the absence of evidence*

*of circumstances tending to excuse by making such a course reasonably necessary,* a failure to observe the law of the road, resulting in injury, is negligence as a matter of law. It was so determined by this court sitting *en banc* in the recent case of *Lloyd v. Calhoun,* 82 Wash. 35, 143 Pac. 458, in the opinion on rehearing, wherein we adopted the views expressed in the dissenting opinion on the original hearing in the same case. (*Lloyd v. Calhoun,* 78 Wash. 445, 139 Pac. 231. See, also, *Hiscock v. Phinney,* 81 Wash. 117, Ann. Cas. 1916E, 1044, 142 Pac. 461; *Moy Quon v. Furuya Co.,* 81 Wash. 526, 143 Pac. 99; *Ballard v. Collins,* 63 Wash. 493, 115 Pac. 1050; *Irwin v. Judge,* 81 Conn. 492, 71 Atl. 572; *Brooks v. Hart,* 14 N. H. 307; *Brember v. Jones,* 67 N. H. 374, 30 Atl. 411, 26 L. R. A. 408; *Fenn v. Clark,* 11 Cal. App. 79, 103 Pac. 944.)

"*It may be assumed that turning to the left to avoid an obstruction or a part of the roadway dangerously out of repair, or an imminent collision on the right-hand side of the way, or any other fact reasonably tending to show a necessary choice of hazards in an emergency, would be sufficient on appropriate averment and evidence to take the question of negligence to the jury.* The following decisions, cited by respondent in this connection, when confined to their facts, must be construed as merely recognizing this qualification: *Sheffield v. Union Oil Co.,* 82 Wash. 386, 144 Pac. 529; *Mickelson v. Fischer,* 81 Wash. 423, 142 Pac. 1160; *Reynolds v. Pacific Car Co.,* 75 Wash. 1, 134 Pac. 512; *Segerstrom v. Lawrence,* 64 Wash. 245, 116 Pac. 876." (Italics mine.)

In *Broschart v. Tuttle,* 59 Conn. 1, 21 Atl. 925, 11 L. R. A. 33, it was not clear whether the action was based upon the common-law remedy or a violation of the statute. The only important question in the case was considered as relating to the effect upon the plaintiff's right to recover of his own violation of a city speed ordinance, and the court held that such violation would not, as a matter of law, preclude his right to recover, and that whether such violation was the proximate cause of the injury was a question of fact for the

jury. No such question as is presented in the case at bar was presented or discussed.

The case of *Winter v. Harris,* 23 R. I. 47, 49 Atl. 398, 54 L. R. A. 643, after quoting from *Angell v. Lewis* and *Brooks v. Hart,* also relied upon in the majority opinion and hereinafter considered, gave the following reason for its decision: "The plaintiff showed no sufficient cause or excuse for being on the wrong side of the road at the time of the accident, and the injuries she complained of were attributable mainly, if not wholly, to her own failure to exercise due care." This cannot be regarded as authority for the proposition that no sufficient cause or, excuse could exist for being on the wrong side of the road. The reasonable inference from the court's holding is that the plaintiff, if she had shown a sufficient cause or excuse for being on the wrong side, and that she had exercised due care, would have been entitled to recover.

*Angell v. Lewis,* 20 R. I. 391, 78 Am. St. 881, 39 Atl. 521, goes no further than to hold that one who drives on the wrong side of a road is required to use greater care than if he was on the right side, and if a collision takes place under such circumstances, the presumption is against him. It does not hold that this presumption is not rebuttable, nor can any such rule be inferred from the language of the opinion.

Here again as in the Washington cases above cited, later decisions of the Rhode Island court clear up any doubt which might otherwise seem to exist as to the rule applied by that court. In *Pick v. Thurston,* 25 R. I. 36, 54 Atl. 600, under a similar statute it was held that a person injured by collision with a carriage while riding a bicycle on the left side of the road must show a sufficient excuse for being there to attribute negligence to the driver of the carriage. The case reviews the cases of *Angell v. Lewis, Winter v. Harris,* and *Brooks v. Hart.* It cannot be said that the court in this case regarded the cases referred to, relied upon in the majority opinion, as establishing the rule there laid down, that "nothing in the statute will justify him in turning to the left."

In the still later case of *Ribas v. Revere Rubber Co.,* 37 R. I. 189, 91 Atl. 58, decided in 1914, the court reviews the

case of *Angell v. Lewis* and another Rhode Island case. Speaking of the case of *Angell v. Lewis,* the court said: "We think that the opinion in that case must be limited by the facts therein and that under the circumstances the court may have been justified in characterizing the action of the defendant as an experiment, the risk of which he assumed."

One of the most interesting features of this case is the dissenting opinion by Johnson, C. J., who strenuously contends that: "The case of *Angell v. Lewis* . . . . has never been overruled, doubted or distinguished in any way to diminish its authority."

In his eagerness to show the correctness of the rule in *Angell v. Lewis,* he quotes from *Winter v. Harris* the court's comment that the plaintiff showed no sufficient cause or excuse for being on the wrong side of the road at the time of the accident, etc., already referred to, and from *Pick v. Thurston* the statement: "As the plaintiff in the case at bar was violating the 'law of the road,' she must show some sufficient cause or excuse for being on the wrong side to enable her to attribute negligence to the defendant."

In further support of his view he quotes from other cases, all to the effect that a person's presence on the wrong side of the road may be explained and justified. One of these cases is *Perlstein v. American Express Co.,* 177 Mass. 530, 59 N. E. 194, 52 L. R. A. 959, which supports the view that I am contending for and is a much later decision than *Newcomb v. Boston Protective Department,* 146 Mass. 596, 4 Am. St. 354, 16 N. E. 555, relied upon in the majority opinion.

While the Newcomb case is not in point on the facts, the rule laid down supports my contention and completely undermines the rule announced in the majority opinion. The court said:

"The court rightly refused the instruction requested, that the plaintiff could not recover if at the time of the accident he was violating the ordinance, and so doing an unlawful act. This request ignored the distinction between illegality which is a cause, and illegality which is a condition of a transac-

tion relied on by a plaintiff, or between that which is an essential element of his case when all the facts appear, and that which is no part of it, but only an attendant circumstance. The position of a vehicle, which has been struck by another, may or may not have been one of the causes of the striking. Of course it could not have been struck if it had not been in the place where the blow came. But this is a statement of an essential condition, and not of a cause of the impact. The distinction is between that which directly and proximately produces, or helps to produce, a result as an efficient cause, and that which is a necessary condition or attendant circumstance of it. If the position of the plaintiff's vehicle was such as, in connection with ordinary and usual concurring causes, would naturally produce such an accident, that indicates that it contributed to it. But, even in that case, external causes may have been so exclusive in their operation, and so free from any relation to the position of the vehicle, as to have left that a mere condition, without agency in producing the result. What is a contributing cause of an accident is usually a question for a jury, to be determined by the facts of the particular case; and such it has been held to be in many cases like the one before us.''

The case of *Brooks v. Hart,* 14 N. H. 307, will not, upon careful reading, support the doctrine announced in the majority opinion. The rule applied in that case would seem, from the language of the opinion, to apply to one who while traveling voluntarily goes upon the prohibited side of the road, and it is intimated that under such circumstances, ''The fact that he could not yield the way might not . . . . furnish a legal excuse exonerating him from liability for an injury sustained by one in passing who was in no wise in fault. The wrong would consist in placing himself where he might be the occasion of the injury which has resulted; that is on the prohibited side of the way.''

The opinion does not assume to say what rule would apply in such a situation as is presented in the present case, where the respondent did not voluntarily turn to the left but was put in a dangerous position by reason of the negligent or

wilful conduct of appellants and was forced to turn to the left in attempting to release himself from the perilous situation.

The later case of *Brember v. Jones,* 67 N. H. 374, 30 Atl. 411, 26 L. R. A. 408, clarifies the rule intended to be announced by the New Hampshire court by restating it in the following language: "It is legal negligence in anyone thus to occupy the half of the way appropriated by law to others having occasion to use it in traveling with teams and carriages and he is chargeable for *any injury flowing exclusively* from that cause." (Italics mine.)

The case of *Palmer v. Barker,* 11 Me. 338, is in the same category with the foregoing cases. The court in stating legal principles of general application to the law of the road gives as its first proposition: "*Unless in some special cases* each traveler is bound to pass to the right of the center of the traveled road, when two are traveling in contrary directions and are nearly approaching and about passing each other." (Italics mine.)

The case of *Bragdon v. Kellogg, supra,* and the authorities therein cited, conclusively show that the rule announced in the majority opinion has never obtained in Maine.

The case of *Brooks v. Thomas,* 17 Phila. 45, is authority for nothing more than the general rule that parties are required to turn to the right when meeting on the highway.

The case of *Earing v. Lansingh,* 7 Wend. (N. Y.) 185, announces the same rule that each party is bound to keep to the right, "unless the situation of the road is such that it is impracticable or extremely difficult for the party to turn out."

The supreme court of Michigan in *Winckowski v. Dodge,* 183 Mich. 303, 149 N. W. 1061, states the rule as follows: "If . . . . there were justifying circumstances tending to show it necessary for the driver to take the left side of the road, the question was of fact for the jury and not of law for the court." (Followed in *Dier v. Voorhees* (Mich.), 167 N. W. 26.)

The case of *Angell v. Lewis* is quoted from in the opinion approvingly.

To the same effect are *Hubbard v. Bartholomew,* 163 Iowa, 58, 144 N. W. 13, 49 L. R. A., N. S., 443, and note; *Riepe v. Elting,* 89 Iowa, 82, 48 Am. St. 356, and exhaustive note, 56 N. W. 285, 26 L. R. A. 769; *Coffin v. Laskau,* 89 Conn. 325, 94 Atl. 370, L. R. A. 1915E, 959, and note; *Terrill v. Virginia Brewing Co.,* 130 Minn. 46, Ann. Cas. 1917C, 453, 153 N. W. 136, L. R. A. 1915E, 1028; *Harris v. Johnson,* 174 Cal. 55, Ann. Cas. 1918E, 560, 161 Pac. 1155; note to *Smith v. Barnard,* 82 N. J. Law, 468, 81 Atl. 734, 41 L. R. A., N. S., 322.

In my opinion it is not the law to say to one traveling on the right side of the highway that he must keep his course, even where it is impossible to turn to the right and permit a reckless, wilful or drunken driver, who has by his failure to obey the law in the first instance placed the former in a precarious position, to drive directly upon him to his certain injury and probable death, and that if he attempts to avert such a catastrophe by turning to the left, when all the circumstances show that he acted as a man of ordinary prudence and caution would have acted, and that his only recourse is to suffer whatever injury the other party's conduct may inflict upon him and content himself, or his personal representative in the event of his death, with an action for damages for the resulting injury.

The rule applicable to such a situation has been well stated as follows: "A traveler who is put in a dangerous position by reason of the negligence of another is not, however, held to the same degree of care as under ordinary circumstances, in attempting to release himself from the perilous situation, and will not be held guilty of contributory negligence so as to bar a recovery because in attempting to escape he puts himself in a more dangerous position and is injured, or because he does an act under an impulse, or upon a belief created by such peril which would amount to negligence under ordinary circumstances." (13 R. C. L. 290, notes 11, 12, 13.)

Referring to the rule herein contended for, the majority opinion says: "Should we adopt that rule we must assume that an ordinarily prudent and careful person would violate the law, which he would not, and we must also, without going one step further into the realm of the ridiculous, hold that if he does not so violate it he will, under such circumstances, be guilty of negligence and may be liable for damages proximately resulting from his failure to do so."

Here, again, to my mind, the majority opinion has misconceived the law. The established rule bearing upon this point is well stated in section 275 of Huddy on Automobiles, as follows: "The fundamental duty of the driver of a motor vehicle is to exercise reasonable care under all circumstances. If under the circumstances of a particular case, an ordinarily careful driver would deviate from the law of the road, the jury may find that an adherence to the rule would constitute negligence. One cannot get his machine on the right-hand side of the road and then proceed regardless of other travelers and rely on the law of the road as defense to injuries thereby occasioned to others"; citing many well-considered cases. For the foregoing reasons I am of the opinion that the instruction complained of was properly given and that the judgment should be affirmed.