(No. 5442.   July 24, 1930.)

R. E. HAMILTON, Respondent, v. L. N. B. CARPENTER, Appellant.

[290 Pac. 724.]

Charles E. Winstead and Frawley & Barnes, for Appellant.

P. E. Cavaney, for Respondent.

McNAUGHTON, J.—This is an action brought by plaintiff, respondent here, to recover for damages to his automobile resulting from a collision with the car of defendant. This occurred on the Meridian-Nampa Highway, three miles west of Boise, at or near an intersecting road which crosses it. The action is for alleged negligence. The defense is a denial of negligence on the part of appellant and a claim that respondent was guilty of contributory negligence which precludes recovery.

At the time of the collision respondent's car was proceeding east toward Boise, and appellant's car had just come upon the main arterial highway off a stop or arterial road from the south. Appellant's course was west after entering the main highway. The collision occurred at 8:15, or thereabouts on the twenty-sixth day of October, 1928.

Respondent's testimony tended to establish that there was no visible disclosure of appellant's car, and the driver of respondent's car had no view or warning of it until it came into the glow of his headlights, in respondent's path or part of the road, about fifty feet ahead; that it was moving slowly when first seen, then suddenly lurched forward; that the driver of respondent's car, upon sighting appellant's car, immediately applied his brakes and turned to the left in an attempt to get by without colliding. The driver of respondent's car testified positively that it was dark and the headlights of appellant's car were out. Several others who saw the accident so testified. The claim that it was a dark night and that the headlights on appellant's car were out is contradicted by appellant, his wife, and other witnesses.

The collision threw appellant's car, a Master Six Buick, around and left it headed in a northeasterly direction. It completely overturned respondent's car.

The jury returned a verdict for plaintiff in the sum of $500. Defendant appealed.

Appellant charges error by several assignments, but in his brief mainly urges three points:

First. It is claimed the court erred in permitting an amendment of the complaint after the trial had begun.

Second. That as a matter of law the respondent was guilty of contributory negligence in approaching the crossing or intersection in question at a rate of speed greater than fifteen miles per hour, the view of the road approaching being obstructed.

Third. That as a matter of law respondent was guilty of contributory negligence in turning to the left across the

center line of the road in an effort to pass appellant's approaching car.

From the evidence it appears that there was no dispute as to either the identity or ownership of the Whippet car which was turned bottom side up and damaged by the collision. In an effort to minutely describe the car in the complaint, respondent's attorney had received and used the wrong motor and car numbers. He had by mistake been given the car and engine numbers of a Whippet which respondent a very short time before the collision had traded in on the car wrecked. When this fact developed at the trial the court permitted an amendment of the complaint, correcting merely these erroneous figures. We think this point purely technical and without merit.

Regarding the second point, this court has recently held it is not negligence *per se* to approach an intersecting road, the driver's view of which is obstructed, at a rate of speed greater than fifteen miles per hour; that to do so is made *prima facie* unlawful by chap. 260, subd. 3, sec. 4, Laws of 1927, and is *prima facie* negligent; not more and not less than that. (*Brixey v. Craig, ante,* p. 319, 288 Pac. 152.) Under the evidence we think this issue of contributory negligence was for the jury. The jury was properly instructed as to the law regarding it.

The evidence is without dispute that just before the collision respondent's car was turned or swerved to its left with the purpose of passing appellant. The evidence is clear that the collision occurred north of the center line of the roadway. This was to respondent's left. It is claimed that this establishes negligence *per se* on respondent's part, which precludes recovery beyond any consideration of the acts of appellant. Appellant relies upon *Cupples Merc. Co. v. Bow,* 32 Ida. 774, 24 A. L. R. 1296, 189 Pac. 48, as establishing that doctrine. Since that decision was rendered this state has adopted by legislative enactment the Uniform Act regulating the Operation of Vehicles on Highways. (Chap. 260, Laws 1927.) Section 9 of the act provides:

"(Drive on Right Side of Highway.) Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway and shall drive a slow moving vehicle as closely as possible to the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle subject to the limitations applicable to overtaking and passing set forth in Sections 12 and 13 of this Act."

Section 11 of the act provides:

"(Meeting of Vehicles.) Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible."

Upon this phase of the law the jury was instructed as follows:

"If you find from the evidence that at the time of the collision Glenn Hamilton, the driver of plaintiff's car was driving in whole or in part upon the left half of the highway, such act in itself would constitute negligence which would bar plaintiff's recovery unless you further find that said Hamilton under the circumstances as they then appeared to him, believed as a reasonably prudent person that if he continued upon the right side of the highway a collision with the defendant's car would ensue, and that to turn to the left was the most practicable way to avoid such collision; and further find that such belief was induced in the mind of Hamilton by negligent operation by defendant of his car in some of the respects charged. If you so find that such belief existed in the mind of Hamilton, and further find that he could have safely turned to the right and avoided the collision, and that to a reasonably prudent person, under the circumstances as they then appeared, it would have appeared equally safe to turn further to the right instead of upon the left half of the road, then it was the duty of Hamilton to turn to the right instead of to the

left, and his failure to do so would be negligence barring any recovery here.''

This instruction was germane to the issues resulting from the evidence. It correctly states the rule applicable to the issues of this case as established by our vehicle law. We think the purpose of the vehicle law is to enjoin vigilance and caution at all times upon all traveling the highways. Such vigilance must be commensurate with conditions and emergencies that suddenly arise in modern highway travel. The vehicle law, by the rule in question, anticipates that ordinarily cars meeting on the highway should pass each to the right of the other. Therefore w' en one collides with another to his left of the center of the highway he is *prima facie* guilty of negligence, which is *prima facie* deemed a proximate cause of any damage resulting. However, impending danger may alter duty, and where one comes into the right of way of another it is the right of the one whose right of way may be thus occupied to avail himself of an apparent opportunity to avoid collision. In such reasonable attempt to avoid an impending collision one may turn to the left beyond the center line without necessarily offending against the law of negligence though he failed to avoid the collision. Under such circumstances, whether or not he is guilty of negligence in taking the course he pursued is dependent upon whether or not under the circumstances he acted in a reasonably prudent manner. (*Lawrence v. Goodwill,* 44 Cal. App. 440, 186 Pac. 781, 783; *McPhee v. Lavin,* 183 Cal. 264, 191 Pac. 23; *Carpenter v. Campbell,* 183 Iowa, 264, 140 N. W. 225; *Bragdon v. Kellogg,* 118 Me. 42, 6 A. L. R. 669, 105 Atl. 433; *Lloyd v. Calhoun,* 78 Wash. 439, 139 Pac. 231; *Skene v. Graham,* 114 Me. 229, 95 Atl. 950; *Hicks v. Morgan,* (Tex. Civ. App.) 259 S. W. 263. The doctrine of *Cupples Merc. Co. v. Bow, supra,* in so far as it is in conflict with the views herein expressed, does not express the law now obtaining in this state.

■ We have examined the instructions requested by the appellant and refused by the trial court. The subject matter of those requested instructions was fully covered by the instructions given.

■ The evidence in this case is very conflicting. It was no doubt difficult to arrive at an entirely satisfactory conclusion. The jury was carefully and fully instructed as to the law applicable. Given credence, it is thought respondent's evidence sustains the verdict. We find no error and affirm the judgment.

Costs to respondent.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.

Petition for rehearing denied.